STERNE *vs.* THE STATE.

1. In an indictment under the act of March 6, 1848, (Pamphlet Acts,) charging the defendant with being " engaged in the business of hawking and peddling," it is unnecessary to allege the facts which constitute hawking and peddling. The gist of the offence under that statute is the *being engaged in the business* of hawking, &c.

2. Where the offence charged is complicated, consisting of a repetition of acts, or where it includes a continuation of acts, it is not necessary to set them out in the indictment.

3. A witness may, with the consent of the opposite party, state a legal conclu‐ sion; and the failure to object to an answer stating such a conclusion amounts to consent.

4. The penalties prescribed by the act of March 6, 1848, are not repealed by the subsequent act of February 9, 1850.

ERROR to the Circuit Court of Perry.

Tried before the Hon. John D. Phelan.

The indictment in this case alleged that the plaintiff in error " was engaged in the business of hawking and peddling, and being so engaged, he then and there pursued the business of hawking and peddling in one wagon," &c. A demurrer to the indictment was overruled, and the plea of not guilty was put in. On the trial a witness was introduced by the State, who, being asked on the part of the State if he knew in what business the defendant was engaged, answered that he was engaged in the business of peddling in Perry county, in October, 1848, with a wagon. No other questions were asked by either party. The court was requested to charge the jury:

1. That the proof that the defendant was engaged in the business of peddling, without showing that he had either sold or offered to sell some article or commodity, would not be sufficient to authorize a verdict of guilty;

2. That if they found the defendant guilty, they should assess such fine against him as in their discretion they should think proper under the proof.

These charges were refused, and the jury were instructed that if guilty the defendant must be fined three times the amount of the license money for hawking and peddling with a wagon. The overruling of the demurrer, the refusal to

charge as requested, and the charge as given, are assigned for error in this court.

A. B. MOORE, for plaintiff in error:

1. The indictment is defective, because the terms in which the defendant is charged are too general. 6 Ala., 664; Minor, R., 420.

2. The indictment pursues the language of the statute, but this is not sufficient, as the statute does not prescribe the constituents of the offence. 6 Ala., 664; 18 Ala., 535.

3. The words "hawking and peddling" are the mere name of a particular business, which does not, with necessary certainty, imply what acts constitute "hawking and peddling;" and if they did, this would not make the indictment good, as every thing necessary must be expressly alleged, and not left to implication.

4. The defendant cannot be convicted without proof that he sold some article or commodity, and if it be necessary to make such proof, it is equally necessary to allege it in the indictment.

5. The court erred in refusing to give the first charge asked, as the defendant could not be found guilty without proving that he had sold something, and that more than once.

6. The court should have given the second charge asked, as the act under which the indictment was found was repealed before the trial, and a different penalty affixed. The proviso extends only to the right to continue prosecutions commenced. The penalty is repealed.

M. A. BALDWIN, Attorney General, for the State:

1. The demurrer to the indictment should have been overruled. In an indictment founded upon a statute, introductive of a new offence, it is sufficient to describe the offence in the words of the statute. State v. Duncan, 9 Por., 260; State v. Click, 2 Ala. Rep., 26.

The true rule is, where an offence is created, and its constituents prescribed, it is sufficient to pursue the words of the statute. And it is always sufficient to pursue the very words of the statute, if by doing so the offence be *fully, directly and expressly alleged.* 6 Ala. Rep., 664; 15 Ala. Rep., 259.

Hawking and peddling are technical terms, and averring in the indictment that the defendant was engaged in, and pursued the business of hawking and peddling, was *directly and expressly* alleging that the defendant "carried about commodities and sold them," which is the meaning of the word peddle.

Suppose the indictment was for engaging in the business of keeping a nine pin alley, would not pursuing the words of the statute be sufficient? All unnecessary particularity would be surplusage. So, it would be surplusage to state in this indictment that defendant sold or offered to sell goods, for this is contained in the charge of peddling.

In Tennessee, a warrant charging the defendant with hawking and peddling without license is sufficiently specific and valid. State v. Sprinkle, 7 Humph., 36.

2. If the answer of the witness was too general, objections should have been made at the time. 4 Ala. Rep., 48; 5 S. & P., 421.

Besides, the charge asked should have been refused, on the ground that the court has no right to determine the *weight* of evidence; that is a matter for the jury. Wiswall v. Ross, 4 Por., 331; 2 Munf., 230; 4 Rand., 256; 16 Wend., 663.

3. The second charge asked was properly refused. This was an indictment under the Revenue Act, 1848, and the fine is fixed. The Revenue Act, 1848, was repealed by the act of 1850, and would have been a repeal of all violations of the Act of 1848, had it not been for the saving clause of 1850. Hirschfelder v. State, 18 Ala., 166.

GOLDTHWAITE, J.—The first question arises on the sufficiency of the indictment, which it is insisted is defective for the want of sufficient certainty, or in other words, that the particular acts necessary to constitute hawking and peddling must be alleged. It is conceded that, as a general rule, the indictment must contain the facts and circumstances which constitute the offence, alleged with such precision and certainty that the defendant may demur or plead to the indictment, that he may be able to prepare his defence, and that there may be no doubt as to the judgment to be given on his conviction, Arch. C. P., 39; but we do not understand from this rule that it is necessary to explain the meaning of

words used, or to set forth the evidence. It may be that if the law had made it a penal offence for any one to hawk or peddle, that it might be necessary to allege the particular act of hawking and peddling, and that the charge in general terms, although in the words of the statute, would not be sufficient. But such is not the case we are called upon to decide. In the case presented the gist of the offence is not the hawking and peddling, but the being engaged in it under such circumstances as show that the defendant followed the pursuit *as a business.* It is not necessary, therefore, under the operation of the rule referred to, to set forth the facts which constitute hawking and peddling, any more than it would be required in an indictment for keeping a pool or bagatelle table without a license, to state what constitutes such table. It would be simply giving the definitions of the terms used, and could do the defendant no good in informing him of the particular facts which he was called upon to defend; nor would it advise the court in relation to the judgment to be rendered, for the court is bound to know judicially the meaning of the terms employed. As, however, the general rule requires the ingredients of the offence to be stated in the indictment, so in this case, unless relieved from the operation of that rule, the facts and circumstances should be stated in the indictment, which would show that the defendant was engaged in the business of hawking and peddling.

In the case of Moore v. The State, (16 Ala. Rep., 411,) the statute on which this indictment was framed received a judicial construction, and it was there held that the term "business," as used in that statute, was synonymous with employment, and that one who, without being engaged in the particular business, did a single act appertaining thereto, did not fall within its meaning. It follows from this decision that any number of acts of hawking and peddling would not necessarily and as a legal conclusion constitute the offence intended to be covered by the statute, however proper the evidence of such acts might be to enable the jury to arrive at a correct result as to the guilt or innocence of the defendant. The term "business," therefore, as employed by the statute, being continuous in its character, not necessarily implying a single act or any number of acts, forms an exception to the general

rule before stated, and falls within the principle applicable to barratry and some other offences, that where the charge is of a complicated nature, consisting of a repetition of acts, or where the offence includes a continuation of acts, it is unnecessary to set them out in the indictment. Hawkins P. C. Bk. 2, Ch. 25, § 59; Ch. C. L. 231. For these reasons, we hold the indictment was good.

The next question is presented by the refusal of the court to give the first charge. The charge as requested is equivalent to asking the court to charge that, upon the whole evidence, the defendant should be acquitted, and involves the same question as a demurrer to the evidence would have done. It is unnecessary to decide whether the answer of the witness stated a legal conclusion; conceding such to have been the case, it was perfectly competent for him to do so by the consent of the defendant, and by allowing his answer to pass without objection, the defendant assented to its correctness. That being done, the legal conclusion, if it was one, must be taken as correct. There was no error in refusing this charge.

The only remaining question on the record is settled by the terms of the proviso of the act of 9th February, 1850, which provides that no prosecution originating and unclosed under the existing laws, should be released or affected thereby. The act of 1848, under which the indictment was found, prescribed the amount of the fine for the offence charged at treble the amount of the license money. The plain object of the Legislature was not to affect the prosecutions under the first act in any way. The charge of the court upon this point was correct. The judgment is affirmed.