COMMONWEALTH *vs.* THOMAS F. SHEEDY.

Norfolk.    January 30, 1893. — May 16, 1893.

Present· FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Indictment — Name of Person — Insufficient Allegation.*

An indictment which charges in the words of the statute that the defendant, at a time and place stated, " did dispose of one suit of clothing of the value of thirty-five dollars by way of lottery," is defective in not alleging the name of the person to whom the suit of clothing was disposed of, or, if he was unknown, in not stating that fact.

INDICTMENT on the Pub. Sts. c. 209, § 1, alleging that the defendant " did dispose of one suit of clothing of the value of thirty-five dollars by way of lottery."

Trial in the Superior Court, before *Sherman*, J., who overruled the defendant's motion, made before the jury were impanelled, to quash the indictment, on the ground that it did not indicate " to whom a certain suit of clothes was disposed of, nor that it was disposed of to any person."    The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. E. Washburn*, for the defendant.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

LATHROP, J.    The indictment in this case charges that the defendant, at a time and place stated, " did dispose of one suit of clothing of the value of thirty-five dollars by way of lottery." Pub. Sts. c. 209, § 1.    While the indictment follows the language of the statute, yet, as it charges a specific act, this is not enough.

The defendant is entitled to have the offence set out with the usual precision and certainty. The name of the person to whom the suit of clothing was disposed of should be alleged, or, if he is unknown, this fact should be stated.

This has been held to be the rule in regard to an illegal sale of liquor. *Commonwealth* v. *Thurlow*, 24 Pick. 374, 379. *Commonwealth* v. *Kimball*, 7 Met. 304, 308. And in *Commonwealth* v. *Moore*, 11 Cush. 600, it was held that an indictment for letting a tenement to be used for purposes of prostitution must state the name of the person to whom the tenement was let, or that such person was to the jurors unknown.

In *Commonwealth* v. *Horton*, 2 Gray, 69, on which the government relies, the offence charged was the setting up of a lottery. See also *Commonwealth* v. *Harris*, 13 Allen, 534; *Commonwealth* v. *Sullivan*, 146 Mass. 142. In *Commonwealth* v. *Brockway*, 150 Mass. 322, no objection was made to the form of the indictment.

For the reasons above stated, we are of opinion that the defendant's motion to quash the indictment should have been granted.

*Exceptions sustained.*