# Lee v. The State.

## Failure to Work Public Road.

(Decided June 30th, 1906.　41 So., Rep. 677.)

*Indictment and Information; Issues; Variance; Matters Unknown to Grand Jury.*—While § 4901, Code 1896, dispenses with the necessity of laying the precise time, in the indictment, of the commission of an offense, where an indictment charges an offense to have been committed in a certain month, and proof is offered by the State of an offense committed at another time, defendant is entitled to show that, as to such offense, there was no evidence before the grand jury that returned the indictment.

APPEAL from Hale County Court.

Heard before Hon. W. C. CHRISTIAN.

Defendant was indicted, tried and convicted for the offense of failing to work the public roads. The testimony showed that in 1902 and 1903 the defendant was apportioned to a certain road. The solicitor was permitted to ask the witness over the objection of defendant, "did you in Nov. 1902, warn the defendant to work the public road. The witness answered, "I gave the defendant three days warning to work the road telling him where to meet me. I warned him on Monday to work on

Friday. He did not come. The defendant moved to exclude the answer of witness on the grounds that the grand jury had indicted the defendant for an offense alleged to have been committed in March 1903, and asked the court to limit the testimony to the offense charged in the indictment. The court overruled the objection and refused to limit the testimony. The defendant offered to prove that the grand jury which found the indictment on which defendant was being tried had before it no testimony as to any offense committed by defendant except in March 1903. The court refused to permit this testimony. It was shown that the road overseer on the 24th day of March 1903 returned a complaint against defendant for failure to work the road, and that this was the only complaint returned against him. In his argument to the jury, the solicitor said: "If the defendant had worked ten days in 1902, he would have told you about it." The defendant objected to this statement and moved to exclude it. The court overruled the objection and defendant excepted. The defendant requested the following written charges. 1. The court charges the jury that if they believe the evidence in this case, beyond a reasonable doubt, they must acquit the defendant. 2. Unless the jury are satisfied from the evidence in this case beyond a reasonable doubt, that the defendant was indicted by the grand jury for a wilful refusal or failure, to work the public road in October or November 1902, they must acquit the defendant.

DE GRAFFENRIED & EVINS, for appellant.—The indictment was defective in failing to allege the particular road the defendant was in default for failure to work.—*McCollough v. State,* 63 Ala. 75. Where there is no evidence before the grand jury returning the bill for indictment, as to the offense charged the indictment will be quashed.—*Washington v. State,* 63 Ala. 189; *Sparrenberger's case,* 53 Ala. 481.

MASSEY WILSON, Attorney-General, for State.—The demurrer was properly overruled.—*Brown v. State,* 63

Ala. 97. The trial court could not inquire into the proceedings of the grand jury in the manner here attempted. —*Sparrenberger v. State,* 53 Ala. 48; *Jones v. State,* 81 Ala. 79; *Hall v. State,* 134 Ala. 90. The defendant having assigned one ground for the motion, this was a waiver of all other grounds.—*McDaniel v. State,* 97 Ala. 14. The bill of exceptions shows merely that the defendant objected and excepted to the remarks of counsel. This presents nothing for review.—*Stone v. State,* 105 Ala. 60; *King v. State,* 100 Ala. 85. The charges refused to the defendant were bad.—*Owen v. State,* 74 Ala. 401.

ANDERSON, J.—While the statute (section 4901 of the Code of 1896) dispenses with the necessity for stating the precise time at which the offense was committed, the law requires that all indictments must be found on legal evidence, and when an indictment charges an offense, it means the one testified to before the grand jury, and not one that may have been committed by the defendant at some other time, and which was not considered by the grand jury. While the indictment in the case at bar did not have to aver the precise time the offense was committed, it did charge the defendant with the commission of the offense (meaning, of course, the one testified to before the grand jury), and the law does not authorize the conviction for an offense which was never thought of nor considered by that body.

The question involved in this case is not one which attacks the indictment, but is really one of allegata and probata. The indictment must of necessity charge the defendant with the commission of the offense as disclosed by legal evidence before the grand jury, and the state is not authorized to prove an offense different from the one for which the defendant was indicted, although similar in its character. If, therefore, there were two separate and distinct offenses on the part of the defendant, the state could ask for a conviction only for the one for which he was indicted, being the one considered by the grand jury; and, after proving the other default, the defendant had the right to show that it was not the one for which he was indicted. We do not concede that such

[Lee v. The State.]

evidence is violative of public policy, because permitting proof of what transpired before the grand jury, as defendants have been permitted in other instances to show certain facts presented to the grand jury. For instance when the indictment avers a fact "unknown," the defendant has the right to show that it was known. But public policy cannot be considered when to do so would interfere with the constitutional right of a citizen. When a person is tried and convicted for an offense different from the one charged in the indictment, he has been denied his constitutional right. The case of *O'Brien v. State*, 91 Ala. 25, 8 South. 560, is not in conflict with this opinion. There the attempt was to show that certain witnesses testified to different offenses from the one for which the defendant was tried; but the defendant did not attempt to show that the indictment under which he was being tried was not found on legal evidence. Nor is the case of *Sullivan v. State,* 68 Ala. 525, in conflict with this opinion. There the defendant was tried under an affidavit.

It is contended that, if a defendant be permitted to go behind an indictment upon the trial, it will lead to much confusion and embarrassment in the administration of the criminal law. If such be true, we cannot subordinate the constitutional rights of the most obscure citizen to an expedition of trials. There can be little cause, however, for a resort by the defendant to evidence of this character, when the state only attempts to convict a defendant of the offense for which he has been indicted.

So much of the argument of the solicitor as was objected to was improper; but whether the defendant took the proper action to eliminate it or not we need not decide, as this case must be reversed for the reason above indicated.

The trial court committed no error upon the other rulings. The judgment of the county court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.