# Coleman *v.* The State.

## *Selling Liquor Without License.*

(Decided April 28, 1907. 43 So. Rep. 715.)

1. *Constitutional Law; Due Process; Indictment.*—Section 5077, Code 1896, is not violative of the bill of rights which secures to the defendant the right to be informed of the nature and cause of the accusation against him.

2. *Intoxicating Liquors; Unlawful Sale; Indictment.*—It is not nec-. essary, under the express provisions of section 5077, Code 1896, that an indictment for selling liquor without license should allege the name of the person to whom or the particular time or place at which the liquor was sold.

APPEAL from Hale County Court.

Heard before Hon. W .C. CHRISTIAN.

Luther Coleman was convicted of selling whisky without a license, and he appeals. Affirmed.

DEGRAFFENRIED & EVINS, for appellant.—The Code authorizing the form of indictment preferred in this case dispensing with any allegation as to the name of the person to whom the alleged sale was made, is unconstitutional and void, being in violation of that seceion of the bill of rights which secures to the defendant the right to be informed of the nature and cause of the accusation against him.—*McLaughlin v. The State,*.45 Ind. 338; *Brown v. The People*, 29 Mich. 232; *People v. Olmstead*, 39 Mich 431; *Chapman v. The People*, 39 Mich. 357; *State v. O'Flaherty*, 7 Nev. 153.

ALEXANDER M. GARBER. Attorney- General, for State. The indictment was sufficient.—Section 4923, Form No. 79, Code 1896; Section 4894 and 5057, and cases cited thereunder; *Powell v. The State,* 69 Ala. 10; *Bailey v. The State,* 99 Ala. 143. While it is true that the names of the persons to whom the sale was made must be shown on the trial, it is a mere matter of proof and not

of allegation.—§§ 4901 and 4902, Code 1896; *Caldwell v. The State,* 146 Ala. 141; *Lee v. The State,* 147 Ala. 133.

HARALSON, J.—The indictment, in its first count, charged defendant in Code form, with selling whisky without a license and contrary to law.

The second count, a little more specific than the first, but containing the averments of the first, gave the name of the person to whom the liquor was sold, or for whom it was procured, or whom he aided in procuring the same.

The first count was demurred to on the ground that the indictment failed to allege the name of the person to whom the alleged sale was made, and to whom and where the same was sold, or when defendant procured or aided the party named in procuring the liquors.

That the indictment is in Code form (No. 79), or, that it is sanctioned by sections 5076 and 5077 of the Code of 1896, is not questioned; but the contention is, that the statute authorizing the form of indictment, and dispensing with any allegation as to the name of the person to whom the alleged sale was made, and when and where made, is unconstitutional and void, being in violation of the Bill of Rights, which secures to the defendant the right to be informed of the nature and cause of the accusation against him.

This is not a new question, and has been long ago, and repeatedly, since, determined against the contention of appellant.—*Noles v. State,* 24 Ala. 672; *Mayo v. State,* 30 Ala. 32; *Cochran v. State,* 30 Ala. 546; *Bailey v. State,* 99 Ala. 145; *Jones v. State,* 136 Ala. 122, 123, 34 South. 236; *Guarreno v. State,* 148 Ala. 137, 42 South. 833.

Nor was it necessary to allege the name of the person to whom the liquor was sold, nor the particular time or place at which it was sold. Authorities supra; *Caldwell v. State,* 146 Ala. 141, 41 South. 473; *Lee v. State,* 147 Ala. 133, 41 South. 677.

No error appearing, the judgment below is affirmed.

Affirmed.

All the Justices concur.