122 So.2d 545

### Clifton JORDAN

v.

### STATE.

#### I Div. 823.

Court of Appeals of Alabama.

Aug. 16, 1960.

694

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The charge was murder in the second degree. Conviction was for manslaughter in the first degree and punishment fixed at six years.

Without dispute in the evidence appellant, Clifton Jordan, killed John C. Brown. The killing occurred at the home of Kendrick Brown, who was deceased's nephew and defendant's brother-in-law. The evidence disclosed that after drinking beer together in various places in Mobile and Washington Counties throughout the previous night, defendant and deceased arrived at the Kendrick Brown home about 7 A.M. The Kendrick Browns were preparing to leave for Mobile and John Brown, deciding to go with them, took some beer from defendant's automobile and got into the back seat of the Kendrick Brown car. Defendant came to the car and accused defendant of stealing his beer. Defendant testified he reached into the car for the beer, deceased kicked his hand and he hit the deceased with his fist. Defendant then turned and walked away and deceased followed and struck at him with a knife. Defendant stated he struck deceased's arm with a pistol. The pistol discharged, inflicting a wound from which the deceased died within a few minutes. There was testimony that a small knife was found on the hood of the

Grady W. Hurst, Jr., Chatom for appellant.

Kendrick Brown car where deceased had leaned after he was shot.

■ It is first insisted that the court erred in refusing to give defendant's requested charge II, the legal effect of which, if given, would have been to reduce the killing to manslaughter in the second degree. It is contended the evidence shows the pistol was not intentionally fired, but that it accidentally discharged when defendant struck the deceased, and that under the Statute (Title 14, Section 320, Code 1940) which defines manslaughter in the first degree as "voluntarily depriving a human being of life," it is necessary to support a verdict of manslaughter in the first degree that a wilful or intentional firing of the gun be shown. We do not agree. In Smith v. State, 243 Ala. 254, 11 So.2d 471, 472, it is said:

"An actual intent to take life is not an essential element of manslaughter in the first degree. The voluntary setting in motion or application of unlawful force, whereby death ensues, suffices to supply the legal element of evil intent, however free the action may be from actual purpose to kill. Lewis v. State, 96 Ala. 6, 11 So. 259, 38 Am.St. Rep. 75; Fowler v. State, 161 Ala. 1, 49 So. 788; Jones v. State, 13 Ala.App. 10, 68 So. 690."

■ Under the evidence the question of the defendant's guilt of manslaughter in the first degree was for the jury, and charge II was properly refused.

The evidence was sufficient, if believed by the jury under the required rule, to justify the verdict rendered. The motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict was properly denied.

The record shows the following occurrence during the solicitor's argument to the jury:

"Mr. Hurst: I object to his (Mr. Turner's) statement that something

was said in this case about Bill said, 'I will teach you to steal,' because there is no evidence to that effect.

"Judge Simmons: I sustain the objection. I do not recall that evidence. No, I am going to leave that argument in. You will remember the evidence— whether or not the State offered any evidence the defendant made any remark, 'I will teach you to steal.' So far as the argument of the solicitor, that is just an inference. You will remember the testimony."

The argument stressed in brief is that the solicitor's statement attributes to defendant a threat against deceased and no evidence is to be found in the record which would warrant such a statement by the solicitor. The evidence shows the defendant was called "Bill." Kendrick Brown testified defendant accused the deceased of stealing his beer, and the defendant stated he told deceased to put the beer back, and said to him, "You can't help stealing the beer." He answered, "No, sir," to the question: "Did you tell him you were going to teach him not to steal?"

■ To constitute reversible error, the statement of counsel in argument "must be made as of fact; the fact must be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury." Cross v. State, 68 Ala. 476; Nix v. State, 32 Ala. App. 136, 22 So.2d 449.

■ There was no evidence of the defendant's having made the exact statement attributed to him by the solicitor, however, we are of opinion the remark was not so greatly different from the statement which the defendant admitted having made as to mislead the jury and cause them to base their verdict on a matter outside the record. We find no reversible error in the court's ruling.

■ Mr. W. W. Freeman testified he was coroner of his county and that he had been a mortician for thirty-two years; that

during those thirty-two years he had had occasion to examine a "goodly" number of persons whose deaths were caused by bullet wounds; that he had taken special courses in the study of human anatomy and had had considerable experience in probing wounds caused by firearms. Clearly, this witness was competent to testify as to the manner and method of his examination of the body, and the range and path of the bullet in the body. Pruitt v. State, 232 Ala. 421, 168 So. 149; Odom v. State, 253 Ala. 571, 46 So.2d 1.

Defense counsel objected to the court's statement that the witness was qualified to testify as to the cause of death, on the ground that an undertaker or mortician is not by profession or training qualified to testify to such fact.

■ While an undertaker as such is not qualified to testify as an expert on the cause of death, he is authorized to so testify if by study, practice, experience or observation he had acquired a knowledge on that subject beyond that of the ordinary witness. The question of whether a witness possesses the necessary qualifications to testify as an expert rests largely within the sound discretion of the trial court, and the court's rulings thereon will not be disturbed on appeal unless a clear abuse of such discretion is shown. Hicks v. State, 247 Ala. 439, 25 So.2d 139; Phillips v. State, 248 Ala. 510, 28 So.2d 542; Odom v. State, 253 Ala. 571, 46 So.2d 1. We hold that no abuse of discretion appears in the court's ruling here.

During Mr. Freeman's voir dire by defense counsel, the witness stated: " * * * the cause of death is the doctor's business. We are not experts on the cause of death." This question was then asked: "Q. You are not claiming to be an expert on the cause of death?" The witness replied: "A. No, sir, I am not offering myself as expert on anything. I will give my knowledge." Thereupon the court stated: "He said he wasn't an expert on the cause of death. I will not let him testify as to cause of death,

but will let him tell what he found." Defense counsel moved that the witness's testimony be excluded, and the court further stated: "The testimony of this witness about what he has studied is addressed to the court. He says he is not an expert on the cause of death so the court will not allow him to testify as to the cause of death, but the court will reserve the right to allow additional testimony as to what he found on the body as he examined the body." After further considerable voir dire examination by both state and defendant, the court, out of the presence of the jury, stated: "I think he can testify according to law what organs were there and through what area it went. I am going to let him qualify as an expert on cause of death and course of the bullet and the organs within that particular area of the body through which the course of the bullet went."

We have detailed the above occurrences because of counsel's insistence in brief that the court erred in allowing the witness to testify as an expert as to the cause of death and the course of the bullet, after the witness had admitted he was not an expert, and that the comments of the court on the qualifications of the witness as an expert improperly and unduly influenced the jury.

■ It is for the court and not the witness to decide whether the latter has qualified as an expert. "Where a witness disclaims being an expert, it is not conclusive on the court in the determination of the question." Underhill's Criminal Evidence, Fifth Edition, Sec. 311, p. 782.

We find no merit in the contention that the court erred in announcing that it had determined that the witness qualified as an expert. Moreover, as shown above, the court's last statement was not made in the presence of the jury, and objection to the court's first statement was not because of the pronouncement that the witness was qualified as an expert, but on the ground that an undertaker is not by profession or training qualified to testify as to the cause of death.

Defendant's requested charge X was not hypothesized upon the jury's belief as from the evidence, and was properly refused. Bush v. State, 211 Ala. 1, 100 So. 312.

We have examined the entire record and find no reversible error committed upon trial of the case.

The judgment is affirmed.

Affirmed.

