260 So.2d 602

In re Gregg DUIN

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.

3 Div. 489.

Supreme Court of Alabama.

Jan. 13, 1972.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for petitioner.

Howard C. Oliver, Montgomery, for respondent.

**PER CURIAM.**

We granted certiorari, at the instance of the State of Alabama, to review the decision of the Court of Criminal Appeals, 260 So.2d 599 which reversed the judgment of the trial court and remanded the cause.

The defendant (appellant) was convicted and sentenced to the penitentiary for selling marijuana in violation of § 256, Title 22, Recompiled Code, 1958, as amended. Section 258(a) and (b) as amended, Recompiled Code, supra, prescribes the penalty. See Cumulative Pocket Part.

Petitioner, the State of Alabama, complains that the Court of Criminal Appeals erred in reversing the judgment of conviction for the reason as stated in its opinion that the indictment fails to allege the name of the person to whom the defendant sold the marijuana and therefore would not support the judgment of conviction.

Section 256, supra, as last amended (Acts 1969, Act No. 625, p. 1139) reads as follows:

"It shall be unlawful for any person to possess, transport, deliver, sell, offer for sale, barter, or give away in any form whatever in this state, any marijuana, cannabis Americana, or cannabis Indica, or any compound or mixture containing any marijuana, cannabis Americana or

cannabis Indica, or any derivative therefrom or thereof or synthetic equivalents of the substances contained in the plant, or in the resinous extractives of Cannabis or synthetic substances, derivatives, and their isomers with similar chemical structure and pharmacological activity such as tetrahydrocannabinol and its optical isomers, or any cigar or cigarettes made of or containing any marijuana, cannabis Americana or cannabis Indica or such synthetic equivalents or derivatives."

The indictment reads:

"The Grand Jury of said County charge that, before the finding of this indictment, GREGG DUIN, whose name is to the Grand Jury otherwise unknown, did on, to-wit, October 26, 1969, willfully, unlawfully, and feloniously sell marijuana, cannabis Americana or cannabis Indicia [sic], or a compound or mixture containing marijuana, cannabis Americana or cannabis Indicia [sic], against the peace and dignity of the State of Alabama."

In State v. Duncan, 9 Porter 260, we held:

"Where a statute is introductive of a new offense, and prescribes its constituents without reference to anything else— in an indictment founded upon it, it is sufficient to describe the offense in the terms of the act."

In Jackson v. State, 236 Ala. 75, 182 So. 83, we observed:

"The indictment follows substantially the language of the statute, and though it is subject to the demurrable defect that it does not with certainty to a particular intent describe the gambling device, it charges every element of the offense, and does not embrace an act not denounced by the statute, and is sufficient, in the absence of appropriate objections, to support the judgment of conviction."

We quote from Clark v. State, 19 Ala. 552:

"It has been repeatedly held by this court, that where a statute creates a new offense, all the law requires is a description of the offense in the indictment in the terms of the statute enacting it."

See also Thomas v. State, 156 Ala. 166, 47 So. 257. Anderson, Justice, writing for the court said:

"The statute makes the Code form of indictments sufficient in all cases in which said forms are applicable. * * * In statutory offenses, where no form of indictment is given, it is usually sufficient to follow the statute. * * * Mr. Bishop in his work on Statutory Crimes * * * says: 'Follow the Statute.— This rule is specially safe and in most instances sufficient, in various forms of the offense now under consideration. Rarely will the allegations require expansion beyond the statutory terms.'"

Here, the indictment was framed in the words of the statute applying to the alleged sale of marijuana and kindred items mentioned in the statute. The legislature has not prescribed a form for the indictment.

In view of the statutory allegations in the indictment that substantially follow the language of the statute, we cannot agree with the Court of Criminal Appeals that the indictment, because the name of the vendee was omitted, would not support the judgment of conviction.

Appellant did not demur to the indictment, or otherwise, by competent pleading, challenge its legal sufficiency. We, therefore, pretermit a determination as to what effect a demurrer raising omission of the name of the vendee would have had.

We note that in the opinion, in support of the reversal, the Court of Criminal Appeals cites four cases: Dorman v. State, 34 Ala. 216; Grattan v. State, 71 Ala. 344; Jones v. State, 136 Ala. 118, 34 So. 236; and Jones v. State of Oklahoma, Okl.Cr., 321 P. 2d 432.

In the Dorman case, there was a demurrer to the indictment on the ground, inter

**332**

alia, that the indictment did not state to whom the alleged sale was made, or whether it was made to any legal person, or to any person at all.

In the *Grattan* case the indictment charged that the defendant did unlawfully and knowingly buy cotton in the seed, which was produced in Lowndes County. We held that the omission of the name of the owner of the seed rendered the indictment fatally defective. The original record shows that a demurrer challenging the indictment was interposed.

In Jones v. State of Alabama, supra, there was an indictment for selling liquor without a license. The statute prescribed the form of the indictment. This court held that it was not necessary to allege the name of the purchaser. This observation was in response to a demurrer.

. In Jones v. State of Oklahoma, supra, the name of a vendee of prohibited narcotics was omitted from the information. No demurrer was filed. However, a timely and properly made objection was overruled. The Appellate Court reversed and remanded the case because of this ruling. Under Oklahoma law such objection occupies the same position as a demurrer. It follows, therefore, that the holding in Jones v. State of Oklahoma, supra, is not dispositive of the question presently considered because in this case there was no demurrer.

In its opinion the Court of Criminal Appeals commented on the absence of counsel for defendant at the time the defendant was sentenced and apparently viewed this as erroneous.

However, as the opinion of the Court of Criminal Appeals now stands, the conclusion is necessitated that the sole basis of the order of reversal was the court's conclusion that the indictment was void. Such basis is without merit. Coleman v. State, 150 Ala. 64, 43 So. 715.

We, therefore, feel that the opinion of the Court of Criminal Appeals should be reversed and the cause remanded for further consideration of matters that may appear in the record. Such consideration shall not be inconsistent with this opinion.

Reversed and remanded.

LAWSON, HARWOOD, BLOODWORTH, MADDOX, and McCALL, JJ., concur.

HEFLIN, C. J., and COLEMAN, J., concur in the result.