259 So.2d 298

**Maclyn Kellar RUSSELL, II**

v.

**STATE.**

**1 Div. 175.**

Court of Criminal Appeals of Alabama.

Feb. 29, 1972.

Rehearing Denied March 14, 1972.

Thomas M. Haas and J. D. Quinlivan, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was tried and convicted under an indictment charging, in one count, that he did "unlawfully possess, deliver, sell, offer for sale, barter, or give away," marijuana.

The legal sufficiency of the indictment was not challenged in any manner. The failure to allege the name of the purchaser did not render the indictment fatally defective. Duin v. State, Ala., 260 So. 2d 602 (1972).

Counsel for defendant made a motion to exclude the evidence because the state failed to show that the cigarette introduced in evidence was the same as that alleged to have been taken from the boy who received it from defendant. Officer Hall, who observed the transaction, followed the recipient until the cigarette was taken from him by Officer Osborne, who immediately handed it to Officer Hall. Officer Hall kept the cigarette in his possession until he delivered it to the state toxicologist. Dr. Grubbs testified he examined the cigarette given him by Mr. Hall and that it consisted of marijuana. This was sufficient to show the necessary connection. King v. State, 45 Ala.App. 348, 230 So.2d 538.

The question of the lack of corroboration of the testimony of the alleged accomplice was not raised by motion to exclude the state's evidence; written request for the affirmative charge; motion for a new trial. Alexander v. State, 281 Ala. 457, 204 So.2d 488.

Defense counsel argues that the state has failed to prove a legal search of the automobile.

The fact that a search of the automobile was made was brought into the case during the cross examination of state's witness Hall. The witness stated in response to questioning that the car was searched at 7:30 and that it was registered to Charles Reid.

On redirect examination the witness stated certain material found in the car was delivered to Dr. Grubbs for analysis. Defense counsel was then allowed to take the witness on voir dire. The witness stated he obtained a search warrant from Justice O. L. Boddenhammer, but that he did not have the warrant in court.

The defendant took the stand and testified the automobile belonged to Charles Reid and that he never saw the marijuana and didn't know it was in the car. Since defendant denied ownership of the automobile and the material taken therefrom, he lacked standing to question the legality of the search. Moore v. State, 44 Ala.App. 113, 203 So.2d 460, certiorari denied, 281 Ala. 723, 203 So.2d 465. Also cases in 17A Ala. Digest Searches and Seizures, ☞7(26).

Defendant claims the state amended the indictment without his consent. The record shows no amendment was made.

After the court, in its oral charge, instructed the jury, in the event they found defendant guilty, to indicate by its verdict whether he was found guilty of possession or for selling marijuana, the state agreed to strike that part of the indictment dealing with possession. To this the defendant raised no objection.

The judgment is affirmed.

Affirmed.

CATES, ALMON and TYSON, JJ., concur.