287 So.2d 447

David **ADKINS**

v.

**STATE.**

**4 Div. 198.**

Court of Criminal Appeals of Alabama.

Feb. 6, 1973.

Rehearing Denied April 3, 1973.

Alto V. Lee, III, and Wade H. Baxley, Dothan, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Selling marijuana: sentence, five years.

■ The indictment fails to allege the name of the vendee. Ground 5 of the defendant's demurrer challenged this deficiency. Hence, the trial court erred in overruling the demurrer. Pettry v. State, 47 Ala.App. 237, 252 So.2d 659.[1] This was the sole issue raised in each brief.

The judgment below is due to be reversed and the cause is remanded.

Reversed and remanded.

All the Judges concur.

### ON REHEARING

CATES, Presiding Judge.

The State has filed a lengthy brief which chides us for falling into what it considers to be error.

■ At the beginning we should point out that we consider that each sale is a separate offense under the statute here in question.

In such a framework it becomes quite important that the accused be informed of some of the details of the sale so that he may constitutionally be charged with the offense and know the nature of the accusation against him.

The Alabama Constitution of 1901, § 6 provides in part:

> "That in all criminal prosecutions, the accused has a *right* * * *; to demand the nature and *cause* of the accusation; and to have a copy thereof; * * *." (Italics added.)

The Constitution of the United States, Amendment VI, gives the accused enjoyment of the right "to be informed of the nature and cause of the accusation; * * *." In United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588, we find:

> "* * * The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. * * *"

See also Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644.

> "Regardless of some ill-considered, loose expressions in some of the cases, the law is and always has been that it is not enough to charge against a defendant a mere legal conclusion as justly inferential *from facts not set out in the indictment*."—Gayden v. State, 262 Ala. 468, 80 So.2d 501. (Italics added.)

■ An accusation must aver enough under § 6, supra, to meet four tests. These are: (1) To show the defendant what he should prepare to defend against;

---

1. We distinguish Duin v. State, 288 Ala. 329, 260 So.2d 602 because therein no demurrer was interposed for the trial judge to rule upon. See Russell v. State, 47 Ala.App. 612, 259 So.2d 298.

(2) to identify the charged offense so that he may be tried for the same charge which was laid before the grand jury; (3) that the judgment (to some degree) may afford some protection against double jeopardy; and (4) to give the court, after conviction, means to accept (or reject) the verdict, pronounce judgment and pass sentence.

Long before the 14th Amendment applied the first 8 Amendments of the United States Constitution to the states the Supreme Court of Alabama in Coleman v. State, 150 Ala. 64, 43 So. 715, held that a code section indictment, § 4923, Code 1896, Form No. 79, was constitutional. Specifically, the court held that Form No. 79 was not in violation of the Bill of Rights securing for the defendant the right to be informed of the nature and cause of the accusation againt him. The Form in question reads:

"A. B., without a license as a retailer, did sell spirituous, vinous, or malt liquors; or, A. B. sold spirituous, vinous, or malt liquors without a license, and contrary to law, against, etc."

In Code, 1940, T. 29, § 119, the selling of alcoholic beverages may be stated without the need to name the vendee. However, it has been uniformly held that this section does not authorize a mere charge of "violating the prohibition law," but rather requires a designation of the offense with sufficient identification. See Slater v. State, 230 Ala. 320, 162 So. 130, and Fitzpatrick v. State, 169 Ala. 1, 53 So. 1021. See also, § 4806 of the Code of 1876.

In the instant case there is no applicable statute dispensing with the name of the purchaser of marihuana, or marijuana as the case may be. This factor makes the liquor cases irrelevant to the instant consideration.

As was said by the Supreme Court of West Virginia in State v. Chisnell, 36 W. Va. 659, 15 S.E. 412.

"The indictment, not naming the purchaser, gives the defendant no notice of what particular sale is charged against him. He knows this, perhaps, first when the state has proven its case, and then must set about his defense. * * * This would be very oppressive and hurtful to the defendant. Not until the close of the state's evidence of the sales, in many instances numerous, does he know what sales are imputed to him, and he must at once seek evidence from this quarter and that to repel the case made by the prosecution, and often, for want of time, it is utterly out of his power to furnish such evidence. It is hard enough to allow an indictment wanting that element of certainty most valuable to the defendant, as notice of what sale he is called upon to meet, without springing upon him numerous sales, and working serious surprise to the defendant.

"There is also this grave objection to permitting evidence of several sales to be considered by the jury: part of the jury may think the evidence of one sale sufficient for conviction, while other jurors think it not sufficient, but thinking another sale fully proven the entire jury unite in the opinion that the defendant is at any rate, guilty of a violation of law, when in fact the entire jury is not agreed that the defendant is guilty of one particular unlawful sale; and so really the defendant has not been lawfully convicted by the concurring judgment of twelve jurors of one and the same single offence. He has been indicted for one offence, tried for many, and convicted of one, but of which one of the many we can not say. True, we can hardly presume that the jury would be so careless as to return a verdict without the agreement of all upon the same sale; but it is a danger which would exist under such a practice, * * *."

See also, Fletcher v. State, 2 Okl.Cr. 300, 101 P. 599, and Anno. 23 LRA,N.S., 581;

also, 15 RCL, Intoxicating Liquors, § 152, catchline, Name of Purchaser at pp. 387, 388 and 389.

In Professor Beale's work on Criminal Pleading, § 159, we find the following:

"In indictments for illegal trading or selling, however, it is usually held that the name of the purchaser must be stated. Thus the name of the purchaser must be stated in an indictment for a sale by lottery. [Citing Commonwealth v. Sheedy, 159 Mass. 55, 34 N.E. 84.] So far is this doctrine carried that a statutory form of indictment for selling liquor without a license, omitting the name of the purchaser, has been held unconstitutional in Indiana, [Citing McLaughlin v. State, 45 Ind. 338.] though it was admitted that if the name were unknown it might constitutionally be so stated, and such statement would of course, convey *no useful information* upon this point to the accused. In a case in Mississippi it has been held in such a case, more properly, that the sale complained of must be identified in some way; it is unconstitutional to provide by statute for the omission of every circumstance of the sale. It is enough, however, omitting the name of the purchaser, to describe particularly the goods sold. [Citing Murphy v. State, 24 Miss. 590.]" (Bracketed matter elevated from footnotes.)

On p. 12 of the Attorney General's brief on rehearing there is a long list of Federal decisions wherein the name of the vendee in an indictment for selling narcotics has been held to be not necessary. It is to be remembered most emphatically that Alabama does not permit the Federal device of a bill of particulars as an instrument of criminal pleading or discovery, as it were.

We think that this difference is enough to make these cases cited absolutely irrelevant to the present inquiry.

On p. 14 this brief would rely on the case of Allen v. State, 33 Ala.App. 70, 30 So.2d 479. That case involved a multicount information or complaint for selling adulterated milk on which the jury rendered a general verdict of guilty. As to Count 3 no demurrer was interposed. Aside from this, the nature of the incriminating enterprise clearly called for a single buyer to take all of Allen's output. In *Allen* certiorari was aborted 249 Ala. 201, 30 So.2d 483.

The State also conveniently ignores the distinction in certain statutes between a common seller and an offender who sells sporadically.[2]

As we read Duin v. State, 288 Ala. 329, 260 So.2d 602, our Supreme Court, disagreeing with this Court, held that the indictment was not void though it failed to name the marijuana buyer. In *Pettry*, supra, we treated *Duin* as implying that such an indictment was voidable and subject to demurrer. That is the rationale of the case at bar.

■ When the Constitution accords an accused the right to demand or to be informed of the nature and *cause* of the accusation we consider that a demurrer, to an extent, serves the office of such a demand. All the more so in a State that rejects the use of a bill of particulars. See Anno. 5 A.L.R.2d 444.

The application for rehearing is

Overruled.

All the Judges concur.

2. See People v. Devinny, 227 N.Y. 397, 125 N.E. 543; Sterne v. State, 20 Ala. 43.