307 So.2d 707

**Jerry BROCK**

v.

**STATE.**

I Div. 513.

Court of Criminal Appeals of Alabama.

Feb. 4, 1975.

Kenneth Cooper, Bay Minette, for appellant.

**312**

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

This appeal is from a conviction in circuit court for violation of Section 258(33) (c), a part of the Uniform Alabama Controlled Substances Act, with a sentence of ten years imprisonment imposed by the court.

Briefly stated, the State's testimony was to the effect that on March 14, 1974, one Charles Blount, working as an A.B.C. agent of the State, purchased "two hits of phencyclidine" from appellant at his home in Baldwin County, Alabama, for the amount of $10. The State's testimony further shows there were several other people present in and around the premises at the time of the sale. Just before the sale to Charles Blount, appellant also made a sale of marijuana (PCP) to Larry Harris, a special officer of the Baldwin County Sheriff's Department, for which he was paid $5. Further, one of the bystanders filled a pipe, supposedly with marijuana. It was lighted and passed around by several of the people present.

Appellant denied any connection with drugs on the occasion in question. He specifically denied selling drugs or seeing the officers at that time.

Appellant's demurrer to the indictment, was overruled by the court. Omitting the formal parts, the indictment charged:

"* * * March 16, 1974, Jerry Brock did unlawfully sell to Charles Blount phencyclidine, one of the controlled substances enumerated in Section 258(33)(c), as set out in the Uniform Alabama Controlled Substances Act, * * *."

The demurrer was based upon the following grounds:

"1. The indictment is vague.

"2. The indictment is uncertain.

"3. The indictment does not state a legal cause of action.

"4. The indictment does not adequately inform the defendant of the particular title of the Code of Alabama 1958, as amended, under which he is charged.

"5. The indictment does not sufficiently appraise [sic] the defendant herein with reasonably [sic] certainty of the nature of the accusation made against him, to the end that he may prepare his defense and be protected against a subsequent accusation for the same offense."

In the landmark case of Adkins v. State, 51 Ala.App. 552, 287 So.2d 447, the basic elements of an accusation to meet the

test of Section 6, Alabama Constitution 1901, are:

"(1) To show the defendant what he should prepare to defend against; (2) to identify the charged offense so that he may be tried for the same charge which was laid before the grand jury; (3) that the judgment (to some degree) may afford some protection against jeopardy; and (4) to give the court, after conviction means to accept (or reject) the verdict, pronounce judgment and pass sentence."

This case was reversed by the Alabama Supreme Court, but not on the above matter. There is also other authority, not necessary here to cite, which upholds the validity of the test of a valid indictment or affidavit set out in *Adkins,* supra.

In Pate v. State, 45 Ala.App. 164, 227 So.2d 583, the indictment charging possession of narcotic drugs in violation of Title 22, Sections 242 and 255 of the Code of Alabama, 1958, was held to be good, although those sections did not charge a violation as complained of. Under the rationale of this case and the authority cited therein, it was not necessary to refer in the indictment to the Code Sections nor the Act of the Legislature which created the crime charged. This case holds that the court takes judicial notice of its public statutes and laws.

In Pratt v. State, 50 Ala.App. 275, 278 So.2d 724, cert. denied, 278 So.2d 729, wherein the defendant was charged with unlawfully practicing law and the information filed against the defendant omitted any reference to the code sections upon which the prosecution was based, the court held that grounds of demurrer to the information taking that point were properly overruled.

■ We think it clear from the above authority that the appellant in the case at bar was amply advised and put on notice as to the charge contained in the indictment and that no other ground of demurrer assigned to the indictment was valid.

The court, therefore, was not in error in overruling the demurrer.

■ Appellant further claims the court was in error in allowing Larry Harris to testify that he bought drugs at the time of appellant's sale to Charles Blount. This matter was first brought out when appellant cross-examined Charles Blount regarding the sale to Larry Harris. A party who has brought out admissible evidence has no valid complaint as to the action of the trial court in allowing his adversary to introduce evidence on·the same subject. The appellant was, therefore, estopped to object to a development of this testimony by the State. Jones v. State, 52 Ala.App. 184, 290 So.2d 251; Morrow v. State, 52 Ala.App. 145, 290 So.2d 209, writ denied 290 So.2d 213.

■ It appears from the record that Larry Harris had made certain notes while investigating the case. On cross-examination he admitted this, but stated the notes were not present and, he could not have referred to them while on the stand. The State's objection to appellant's demand to see the notes was sustained by the court. We see no error in this action. Cooks v. State, 50 Ala.App. 49, 276 So.2d 634.

■ Upon the examination of State witness Larry Linder, objection was made by appellant to his qualifications to testify as an expert with regard to whether the material he analyzed was, in fact, one of the drugs governed by the Uniform Controlled Substances Act. The objection was overruled. The witness was examined with regard to his qualifications as an expert, and the testimony as reflected in the record satisfies this court that the trial court was correct in ruling that he was qualified to testify. This is a matter which rests in the discretion of the trial court, as has so often been held by the Appellate Courts of Alabama, and will not be disturbed unless there is a showing of abuse of discretion.

Jordan v. State, 40 Ala.App. 693, 122 So.2d 545. No error appears in the action of the court in this respect.

We have responded to the salient points argued in appellant's brief and have examined the other adverse rulings of the court. Nowhere in the record do we find error of a reversible nature.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby affirmed.

All the Judges concur.