Dean Thompson was indicted for unlawfully possessing marijuana contrary to the provisions of the Alabama Uniform Controlled Substances Act, in violation of § 20-2-70, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and the trial court sentenced him to fifteen years' imprisonment.
The appellant does not challenge the weight and sufficiency of the evidence, therefore, all that is necessary is a succinct statement of the facts.
Earl Walden testified that he was employed as an investigator for the Alabama Bureau of Investigation. He stated that he conducted an investigation pursuant to information he received, such information being that appellant had several large marijuana fields located around his residence. He stated that on August 9, 1982, four agents employed by the Alabama Bureau of Investigation, with the use of a helicopter, found three marijuana fields behind and around appellant's residence. Walden stated that he, Sheriff Norris, and Guy Metcalf arrived at the appellant's residence shortly after the helicopter landed. He stated that they found well traveled trails leading to the three marijuana fields. He further stated that all three fields were irrigated and that one of these fields was irrigated by a garden hose connected to a spicket supplied by a well in the appellant's front yard. He stated that one field was located about 150 yards behind the appellant's house. He said that across the road from the appellant's house there was a barn. The second field was about 175 yards behind the barn and the third field was 200 yards beyond the second field.
Investigator Walden testified that he talked with the appellant at the Fayette *Page 1054 
County Jail and advised him of his Miranda rights. He stated that the appellant told him that he lived in the house which had the marijuana field behind it, but that he did not own the land. He stated that the appellant told him he did own one acre of land on which the barn was located. He stated that the appellant was aware that marijuana was found in the loft of his barn, and that the appellant stated this marijuana belonged to several people who were storing furniture in the loft. He further stated the appellant told him that he was aware that marijuana was being dried in his barn and that marijuana was being grown behind his house and barn. Walden further testified that he collected samples of the marijuana growing behind the appellant's house and took it to the State lab for analysis.
Melinda Long testified that she was employed as a drug analyst for the Department of Forensic Sciences, and that she received samples from Investigator Walden on August 16, 1982. She stated that these samples were identified as having come from the property of the appellant. She stated that, from her analysis of these samples, she determined it to be marijuana. She further stated that Billy Wilkins picked up the samples on January 4, 1983.
William Wilkins testified that he was a Tuscaloosa City Police Officer and that in January of 1983, he received several packages of evidence from Melinda Long at the State Toxicology Lab. He stated that this evidence was locked in a vault until the morning of trial when he gave it to Earl Walden.
Harry Montgomery testified that he was a Narcotics Investigator for the Tuscaloosa County Sheriff's Office. He stated that on August 9, 1982, he flew over the appellant's residence in a helicopter and, from the air, he observed marijuana fields. He stated that he saw a white male leave the residence in a white van. He stated that the helicopter landed and he examined the premises and found the doors of the house "wide open." He stated that two folding chairs were sitting at the end of the field closest to the appellant's house, and that a "hose pipe" led from the field to a water pump beside the residence.
Arnold Strickland testified that he was employed by the Fayette County Sheriff's Department. He stated that in August of 1982, he was called to the appellant's residence. He stated that he knew this was the appellant's residence, because he had served papers on the appellant on a previous occasion. He stated that, when he arrived at the residence, he got on a tractor and helped cut down the marijuana growing in the fields. He further stated that after the appellant was indicted, he attempted to locate the appellant, but he could not find him.
Hubert Norris testified that he was the Fayette County Sheriff, and in his capacity as Sheriff he investigated the growing of marijuana on the appellant's property. He further stated that, after the appellant was indicted, his office attempted to serve the appellant, but could not locate him.
Earl Walden was recalled as a witness and further testified that he found a small "farm-all type" tractor, with a trailer attached to it, parked in front of the appellant's house. He stated that the two fields behind the barn had tracks in them which appeared to have been made by that tractor. He stated that it was his belief that the tracks were made by this tractor, because the trail leading to the fields was too narrow for other tractors to travel and, further, he said that he doubted there was another tractor that size in that area.
The appellant offered no evidence or testimony in his defense.
 I
The appellant contends that the trial court erred in denying his motion to quash the indictment. He specifically argues that the indictment returned against him was fatally defective because it did not charge that he knowingly possessed marijuana.
It should be noted initially that the statute under which the appellant was indicted for violating § 20-2-70, Code of Alabama, *Page 1055 
does not contain the word "knowingly." This court has held on numerous occasions that an indictment which tracks the language of the pertinent statute, and an indictment which charges the statutory offense in the words of the statute, is generally valid. Wilder v. State, 401 So.2d 151 (Ala.Crim.App.), cert. denied, 401 So.2d 167 (Ala. 1981), cert. denied, 454 U.S. 1057,102 S.Ct. 606, 70 L.Ed.2d 595 (1981); Matthews v. State,401 So.2d 241 (Ala.Crim.App.), cert. denied, 401 So.2d 248 (Ala. 1981).
In this case the indictment charged as follows:
 "The Grand Jury of said County charge that before the finding of this indictment, DEAN THOMPSON whose name to the Grand Jury is otherwise unknown, did on to-wit: August 9, 1982, while at or near his residence in the Oak Ridge Area in Fayette County, Alabama, unlawfully possess marijuana, a controlled substance, contrary to and in violation of the provisions of the Alabama Uniform Controlled Substances Act, in violation of Section 20-2-70 of the Code of Alabama. . . ." (R. 3)
This court has specifically held in previous cases that an indictment in the form set out above is adequate and sufficient to apprise the defendant of the offense charged. Furthermore, such an indictment is sufficient to apprise the defendant of what he is called upon to defend himself against. Brown v.State, 392 So.2d 1248 (Ala.Crim.App. 1980), writ denied,392 So.2d 1266 (Ala. 1981); Smith v. State, 435 So.2d 185
(Ala.Crim.App. 1983). See also, Brock v. State, 54 Ala. App. 310, 307 So.2d 707 (1975); Thomas v. State, 342 So.2d 405
(Ala.Crim.App. 1976), writ denied, 342 So.2d 407 (Ala. 1977);Butts v. State, 346 So.2d 497 (Ala.Crim.App.), cert. denied,346 So.2d 500 (Ala. 1977).
Pursuant to the above cited authority, we hold that the indictment in this case was valid. Moreover, the evidence in this case was sufficient to support the appellant's conviction for possession of marijuana.
We have carefully reviewed the record in this cause, and have found no errors injurious to the appellant. The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.