BOWEN, Judge.
Ted Julian Barron was convicted of trafficking in cannabis, sentenced as a habitual offender to life imprisonment, and fined $25,000. On this appeal of that conviction, he claims that the State did not present a prima facie case of his guilt of the charged offense, and that the trial court erred by failing to instruct the jury on the lesser offense of possession of marijuana not for personal use.
I
On July 27, 1989, Covington County law enforcement officers, acting pursuant to a search warrant, cut down and confiscated 98 marihuana plants growing in a patch 25 yards behind defendant’s residence. The total weight of the growing plants was over 4.5 pounds. A small amount of marihuana and marihuana residue, weighing slightly more than one ounce, was found in the kitchen of the residence.
The defendant claims that the State failed to prove (a) that the property on which the growing marihuana was found belonged to him, (b) that he knew he was in actual or constructive possession of more than 2.2 pounds of marihuana, or (c) that the weight of the marihuana excluded stems and stalks.
Although the defendant argues on appeal the State’s failure to prove that he owned the property in question, this matter was not disputed at trial. State’s witness Denny Merritt testified, without objection, that he knew where defendant lived, that defendant’s property “adjoin[ed] the railroad tracks right-of-way” and that on that property he saw marihuana growing. Detective Wade Garrett, of the Andalusia Department of Public Safety, testified, also without objection, that defendant had been *293 living in the same residence “since the mid 70’s.” Undoubtedly, defendant failed to challenge at trial the basis of these officers’ knowledge of his property ownership because they would have testified (as Investigator Merritt did in his affidavit for the search warrant) that their knowledge was based on defendant’s prior conviction “for growing marihuana in this same location.” Having failed to object to the State's proof at trial, he cannot now be heard to complain of its insufficiency. “When a party’s claim of ownership is not disputed by an adverse claimant, ... oral testimony that the party owns the land is admissible without production, or a showing of an excuse for nonproduction, of ... documents of title_” C. Gamble, McElroy’s Alabama Evidence § 226.02 at 483 (3d ed. 1977).
Moreover, “[a]n inference of constructive possession arises when the controlled substance is found on premises owned or controlled by the accused,” Donahoo v. State, 505 So.2d 1067, 1070 (Ala.Cr.App.1986) (emphasis in original), and the defendant’s control over the property was proved conclusively by the following evidence: (1) A trail led from the residence to the marihuana patch, see Lander v. State, 553 So.2d 640 (Ala.Cr.App.1989); Thompson v. State, 454 So.2d 1053 (Ala.Cr.App.1984); Mitchell v. State, 18 Ala.App. 119, 120, 89 So. 98 (1921). (2) The marihuana patch was well-tended, “had been cultivated to where there were raised hills that the plants were in,” and was “[sjimilar to a vegetable garden,” making it unlikely that anyone else could have cleared and cared for the plants without the defendant’s knowledge, see Donahoo v. State, 505 So.2d at 1070. (3) There was a length of garden hose running from a spigot connected to the residence all the way to the marihuana patch, see Thompson v. State, 454 So.2d at 1053. (4) After defendant had been advised of his rights, during the execution of the search warrant, Covington County Sheriff Don Harrell saw inside the residence some checks labelled “B & S Bait Shop.” When asked about the checks, defendant told Harrell that “sometime in the past him and someone else had had a bait shop_ He told me he was growing marihuana so he could open up another bait shop.” (Emphasis added.) Then, after being advised of his rights again at the Andalusia Police Department, defendant had the following conversation with Investigator Merritt:
“[Defendant] said will you tell me, if I can guess, who told ya’ll about my marijuana plants, will you tell me who it was? And I told him then that I couldn’t do that. He said, well then I know who the bastard was that told you about my marijuana plants. And then he called a couple of names at that time.”
In view of the foregoing admissions by the defendant, “[kjnowledge of the presence and the quantity of the controlled substance may properly be inferred from the possession of the substance by the accused.” Calhoun v. State, 460 So.2d 268, 270 (Ala.Cr.App.1984). See also Donahoo v. State, 505 So.2d at 1070-71 (wherein the court held that from defendant’s statement that “he knowed who turned his marijuana up” it could be “fairly inferred that the defendant knew of the existence of the growing marijuana in the place where it was found”).
Finally there is no basis for defendant’s argument that the total weight of the marihuana tested here encompassed statutorily excluded portions of the marihuana plant. Criminalist Joe Saloom testified that there were “small stems, but no stalks” in the plant material he weighed. Section 20-2-2(15), Ala.Code 1975, excludes from the definition of “marihuana” the “mature stalks of the plant,” but it does not exclude the branches, often referred to as “stems” of the plant. Dickerson v. State, 414 So.2d 998, 1002-04 (Ala.Cr.App.1982).
“It is well established that the burden is upon the appellant to establish and bring himself within any exclusion which is found not in the enacting clause defining a crime but rather in a subsequent clause or statute. Specifically, he must establish that the marihuana seized from his residence contained excludable mat *294 ter falling within the definition of such under § 20-2-2(15).”
Id. at 1002.
Here the defendant did not meet his burden' of establishing that the “small stems” included in the total weight of the marihuana were within any exclusion found in § 20-2-2(15).
II
The State established a prima facie case of trafficking, and there was simply no theory of the evidence, reasonable or otherwise, which supported a finding of guilt on any lesser offense. Compare Ex parte Kerr, 474 So.2d 145, 146 (Ala.1985) (wherein the court held that accused's theory of defense, ‘ “that he possessed the [small] quantity of marijuana found beside him on the car seat [but] that he had no knowledge of the contents of the duffel bag in the trunk” entitled him to a lesser offense charge).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.