LONG, Judge.
The appellant, Ted Julian Barron, appeals from the trial court’s summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., which attacked his 1989 conviction for trafficking in cannabis and his resulting sentence, as a habitual felon, to life in prison. The appellant’s conviction was affirmed on direct appeal on February 6,1990, and a certificate of judgment was *506 issued on April 17, 1990. See Barron v. State, 562 So.2d 292 (Ala.Cr.App.1990). The present petition was filed on or about July 26,1995.
I
The appellant contends that he was illegally sentenced under the Habitual Felony Offender Act.
The appellant was convicted of trafficking in cannabis, a violation of § 20-2-80, Ala. Code 1975[1], and he was sentenced to life in prison pursuant to the Habitual Felony Offender Act upon proof of two prior felony convictions. As set out in the indictment and as established at his trial, the appellant’s offense was committed on July 27, 1988— after the effective date of the Drug Crimes Amendment Act of 1987 (October 21, 1987) and before the date § 20-2-80 was transferred to Title 13A of the Criminal Code as § 13A-12-231, Ala.Code 1975 (September 30, 1988). See 1987 AlaActs, Act No. 87-708. Under the Drug Crimes Amendment Act, the appellant’s offense was a Class A felony, and the appellant was properly sentenced under the Habitual Felony Offender Act. Watley v. State, 568 So.2d 852, 854 (Ala.Cr.App.1989), cert. quashed, 568 So.2d 857 (Ala.1990); Harrell v. State, 555 So.2d 257, 262 (Ala.Cr.App.), aff'd. 555 So.2d 263 (Ala.1989); 1987 Ala.Acts No. 87-708, Section 2(10), at p. 1251. Accordingly, the trial court correctly found in its order denying the petition that the appellant’s claim that his sentence was illegal was without basis in fact or law.
II
The appellant contends that his conviction was obtained by use of evidence gained through an unconstitutional search and seizure. The trial court correctly found that this claim was precluded by Rule 32.2(a)(2), Ala.R.Crim.P., because it was raised and addressed at trial, and that it was precluded as well by Rule 32.2(c), Ala. R.Crim.P., because it is a nonjurisdictional claim presented in a petition filed after the expiration of the two-year limitations period set out in the rule. See also Rule 32.2(a)(5), Ala.R.Crim.P. (claim that could have been but was not raised on appeal is precluded).
III
The appellant contends that the state failed to establish a prima facie case of trafficking in cannabis. The trial court correctly found that this claim was precluded by Rule 32.2(a)(2), because it was raised and addressed at trial, and that it was precluded as well by Rule 32.2(c), because it is a nonjuris-dictional claim presented in a petition filed after the expiration of the two-year limitations period set out in the rule. The claim is also precluded by Rule 32.2(a)(4), Ala. R.Crim.P., because it was raised and addressed on appeal.
IV
The appellant contends that newly discovered material facts exist that require that his conviction and sentence be vacated. The trial court correctly found that the appellant failed to identify any newly discovered facts. The claim therefore did not meet the specificity requirements of Rule 32.6(b), Ala.R.Crim.P. See the summary dismissal provisions of Rule 32.7(d), Ala.R.Crim.P.
V
The appellant contends that the judge who presided over his trial was without jurisdiction to preside because he was the same judge who had issued the search warrant in the appellant’s ease. The appellant fads to cite proper legal authority for this proposition. Moreover, the claim is not an accurate statement of the law. See Heard v. State, 574 So.2d 873 (Ala.Cr.App.1990); 46 Am.Jur.2d Judges § 181 (1969). Furthermore, the claim is not a jurisdictional one and could have been but was not raised at trial or on appeal. Accordingly, the trial court correctly found the claim was precluded by Rule 32.2(a)(3) and (5), Ala.R.Crim.P. Because the claim is nonjurisdictional, it was preclud *507 ed as well by the two-year limitations period in Rule 32.2(c).
The trial court’s judgment is affirmed.
AFFIRMED.
All Judges concur, except COBB, J., not voting.

. Upon adoption of the Criminal Code, § 20-2-80, Ala.Code 1975, was transferred to § 13A-12-231, Ala.Code 1975.