181 So.2d 620

Jerry **CRUMP**

v.

**STATE.**

1 Div. 941.

Court of Appeals of Alabama.
Oct. 5, 1965.
Rehearing Denied Nov. 2, 1965.

Jerry L. Crump, pro se. and T. Watrous Garrett, Grove Hill, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Two indictments were returned against this appellant, Jerry Crump, by the Grand Jury of Clarke County at the 1961 spring term. The first indictment charged that appellant "did in the nighttime, with intent to steal, break into and enter the office, store, shop or warehouse of the Alabama Power Company in Thomasville, Alabama, which was specially constructed or made to keep goods, wares or merchandise, in which goods, wares or merchandise was kept for use, sale or deposit * * *." The second indictment charged that appellant "did attempt, in the nighttime, with intent to steal, break into and enter a shop, store or warehouse of J. W. Kimbrough, which is specially constructed or made to keep goods, wares or merchandise in which goods, wares or merchandise was kept for use, sale or deposit * * *."

On March 8, 1961, appellant entered a plea of guilty to both charges in the Circuit Court of Clarke County. He was adjudged guilty by the court and sentenced to five years for second degree burglary and to one year for attempted burglary.

Appellant attacked those sentences in a petition for writ of error coram nobis, filed in the Circuit Court of Clarke County on November 27, 1962. The circuit court denied the petition on December 29, 1962, and appellant perfected an appeal from that judgment to this court. This court, on motion of the Attorney General, remanded the cause to the circuit court for further hearing and consideration in light of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Upon finding after remandment that appellant was denied right to counsel, the circuit court set aside its previous order, granted the writ of error coram nobis, ordered a new trial, and appointed counsel to represent appellant at said trial.

On March 18, 1964, appellant was tried again in the Circuit Court of Clarke County under the original indictments. The two cases were tried together by agreement of appellant himself, and his attorney. Appellant entered a plea of not guilty to both charges. The jury returned verdicts of "guilty as charged" in each indictment, and appellant was adjudged guilty by the court in accordance with the verdicts. The court sentenced him to six years in the state penitentiary for the offense of second degree burglary. A fine of $500.00 was fixed by the jury for the offense of attempted burglary, and as additional punishment for this offense, the court imposed a sentence of six months in jail or hard labor for Clarke County. His motion for a new trial was overruled, and he perfected this appeal.

Appellant was represented by court-appointed counsel at his trial, at the hearing on his motion for a new trial and in this appeal.

Appellant timely filed a motion to quash the indictment and a plea in abatement, both of which raised the point that he had been compelled to give evidence against himself in violation of Article 1, Section 6, of the Constitution of Alabama of 1901. Appellant alleged that while he was being held in the Clarke County jail, and before the indictments were returned, his shoes were taken from him against his will by the Sheriff of Clarke County, Chester Noble, and State Investigator Oscar Coley for the purpose of comparing tracks near the scene of the crime. He further alleged that the shoes were taken to the state toxicologist for examination, and that evidence obtained as a result of the unlawful act of the law enforcement officers was presented to the grand jury. In support of the plea in abatement, appellant offered the testimony taken at the hearing on his petition for writ of error coram nobis, and the court took judicial notice of the record of that proceeding. According to the testimony of Sheriff Noble and Oscar Coley in the coram nobis hearing, the record of which is before this court, appellant's shoes were taken from him for the purpose of comparing mud on the shoes with mud near the scene of the crime, and the shoes were sent to the state toxicologist. However, there is nothing in the record of the coram nobis proceeding to show whether or not any evidence pertaining to the shoes was presented to the grand jury. Appellant did not appear before the grand jury.

Without giving the appellant an opportunity to offer evidence concerning what evidence was before the grand jury, which the appellant sought to do, the court overruled appellant's motion to quash the indictment. The court also overruled his plea in abatement, and appellant reserved an exception to each ruling.

No evidence pertaining to appellant's shoes was introduced by the State at the original trial or at the second trial. Sheriff Noble was called as a witness by the State at the second trial, and during cross-examination of this witness questions were directed to him concerning the shoes. He stated on cross-examination that the shoes were not "used as evidence" before the grand jury.

Both indictments returned against the appellant appear in the record before us. On each indictment there is a list of State witnesses who appear before the grand jury. There are three names in each list, and Sheriff Noble's name appears on both lists. Appellant does not allege in his motion to quash or in his plea in abatement that the sole evidence before the grand jury was evidence pertaining to his shoes, and the record before us does not indicate that this was the case. Where there is some evidence before the grand jury tending to connect the accused with the offense charged, the lack of evidence upon some essential element of the offense is not a ground for quashing the indictment. Clark v. State, 240 Ala. 65, 197 So. 23, 30. Furthermore, where an investigation is made before the grand jury which returns the indictment, the sufficiency of the evidence adduced before that body cannot be raised on a motion to quash the indictment. Clark v. State, supra. See Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397.

We are clear to the conclusion that the court did not commit reversible error by refusing to grant the appellant's motion to quash the indictment, or by failing to sustain his plea in abatement. Further, a plea in abatement is not the proper method of raising the objection which appellant sought to raise. Perkins v. State, 66 Ala. 457.

To support his contention that he was compelled to give evidence against himself, and that this constituted reversible error, appellant has cited Anthony v. State, 30 Ala.App. 425, 7 So.2d 513. The opinion in the Anthony case states that a city detective testified, over the defendant's objection, that the defendant's shoes were taken away from him while he was in jail for the purpose of comparing certain

tracks. The record in that case also shows that the same witness testified that the defendant's shoes were compared with the tracks, and that the shoes and the tracks "matched up." Error in the Anthony case was predicated on the fact that illegal evidence was used to secure a conviction, and not solely on the fact that a law enforcement officer committed an unlawful act by taking the accused's shoes for evidentiary purposes. The facts of this case are clearly distinguishable from those in the Anthony case. Here, neither the appellant's shoes nor any evidence obtained as a result of taking the shoes from him was used to secure his conviction. No error can be predicated on a violation of Article 1, Section 6, of the Constitution of Alabama of 1901, under the facts of this case.

The evidence on behalf of the State is substantially as hereafter summarized.

Edward Maness, a police officer in Thomasville, Alabama, testified that he observed the appellant at the door of J. W. Kimbrough's Department Store in Thomasville, Clarke County, Alabama, at approximately 3:00 A.M. on the morning of January 1, 1961. As Maness approached, the appellant "broke and ran from the front door" and "went around behind the store and off in a ditch." Maness pursued appellant and stopped him in the ditch. The officer saw an object in the appellant's hand as he ran from the store, but could not "tell" what the object was, and did not see the object in the appellant's hand when he stopped in the ditch because he had "throwed it down." The officer also saw the appellant take envelopes from his clothing and throw them in the ditch, and he saw a crow bar, money, and the envelopes in the ditch where appellant was standing after he stopped. The envelopes had the name Alabama Power Company on them. One of the envelopes contained a check made by a Dr. Spinks, payable to Alabama Power Company. The officer arrested appellant and took him to jail where he searched appellant's person and found in his clothing a pair of black gloves and three screwdrivers. He turned the screwdrivers over to Sheriff Noble. Officer Maness returned to the ditch and picked up the envelopes after placing appellant in jail, and then conducted an investigation at a building in Thomasville housing the offices of Alabama Power Company, and also at the store of J. W. Kimbrough. He discovered that a back door at Alabama Power Company had been pried open with some type of instrument, that a door inside the building leading to the front had been "opened," and that a night deposit box in the building had been entered and was empty. He found that the molding on the front door of J. W. Kimbrough's store had been "jimmied and prized" loose "about where the lock was," and that there was a large crack in the molding at that spot which appeared to be "fresh."

Clarke County Sheriff Chester Noble testified that he was called to Thomasville on the morning of January 1, 1961, to investigate a burglary, and that after having a conversation with Officer Maness in Thomasville, he accompanied Maness first to the ditch behind Kimbrough's store, where he picked up a crow bar, and then to Kimbrough's store and the Alabama Power Company office. The sheriff observed markings and impressions in the wood in the doors at both buildings, and he stated that the impressions were similar to impressions made by the crow bar found in the ditch and to impressions made by the screwdrivers found on appellant's person. He also observed particles on one of the screwdrivers which appeared to be paint, and which resembled in color paint at the Alabama Power Company office.

The appellant voluntarily testified in his own behalf. He stated on direct examination that he was "hitchhiking" from Birmingham to Mobile for the purpose of looking for a job in Mobile when he was arrested in Thomasville by Officer Maness;

that he did not recall a ditch in Thomasville; that he did not have a crow bar or screwdrivers in his possession in Thomasville; that he did not drop a crow bar or envelopes in the ditch; that he did not enter the Alabama Power Company office; and that he had been drinking "moonshine" whiskey and beer the night before his arrest.

The evidence supports the verdicts under both indictments. The court did not err in refusing to give the affirmative charge requested by appellant, or in overruling appellant's motion for a new trial.

During cross-examination of appellant he was questioned concerning prior convictions of crimes involving moral turpitude. Overruling of objections to these questions was not error because such questions are admissible for the purpose of impeachment where the accused voluntarily testified in his own behalf. Lawson v. State, 33 Ala.App. 343, 33 So.2d 388.

On cross-examination appellant was asked, "Tell the jury how many free days you have spent since 1954." Appellant's objection to this question was sustained, his motion to exclude was granted, and the court admonished the jury to disregard the question. The question was not answered, and it was not so highly prejudicial that it could not be erased from the minds of the jury. As the jury was instructed to disregard the question, no error appears in the record in regard to this matter.

The following question was also asked appellant on cross-examination: "I will ask you if you made the statement to some of the officers you were going to Mobile to look for new territory because they were on to you in Birmingham?" No ruling was had or invoked on appellant's objection to this question and, therefore, nothing is here presented for review.

This cause is due to be and the same is hereby

Affirmed.