203 So.2d 460

George W. **MOORE**

v.

**STATE.**

I Div. 144.

Court of Appeals of Alabama.

June 20, 1967.

Rehearing Denied Aug. 29, 1967.

Robt. E. McDonald, Jr., Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Jas. H. Evans, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the October, 1965 Session of the Mobile County Grand Jury for the offense of buying, receiving or concealing stolen property. On November 23, 1965, he was arraigned in open court and counsel was appointed by the court to represent him. Appellant's arraignment was reset for November 30, 1965, at which time he was represented by his court appointed counsel and entered a plea of not guilty and reserved the right to file special pleas within fifteen days. On January 11, 1966, appellant was tried by a jury and found guilty as charged. His punishment was fixed at ten years in the State penitentiary. On January 19, 1966 appellant filed a written notice of appeal; on January 19, 1966 he filed a motion for the court to appoint an attorney for him; and on January 18, 1966 a motion for the transcript to be paid for by the State in the Circuit Court of Mobile County. On February 7, 1966 appellant's attorney filed a motion for a new trial, which was denied. Hence, this appeal.

During the selection of the jury counsel for appellant requested that the court ask juryman No. 33, Mr. George Miller, whether his occupation as a customs inspector for the United States Government involved any law enforcement or police work and the juryman replied that it did. He was then asked whether his duties as a customs inspector would in any way prejudice his opinion for or against appellant and he replied that it would not. The court then asked the juryman if his employment would in any way influence him in his decision of the case beyond and over the evidence and testimony. The juryman stated that it would not and the court denied counsel for appellant's challenge to the

juryman. The court then was asked, at the request of appellant's counsel, to ask the juryman whether or not he believed that police officers have special qualifications and whether or not he regarded their testimony as having greater weight on his opinion than that of any other person. This request was denied by the court and we find no error therein.

The State's first witness was Mr. Herman Davison who testified that he was employed at Bellas Hess Department Store by the Mobile Sporting Goods Co., Inc., and that on the date in question he was working there selling firearms when appellant, who was unknown to him, and another man came in and started looking at firearms. He stated that both of the men looked at the pistols which he showed them and that the pistols were kept in covered cases and could be shown only by salesmen. He said that the Company had a regulation that only two pistols could be out of the case at a time and that he could not be sure whether the pistol was missing prior to the encounter with appellant. The witness stated that he did not know that there was a pistol missing until he was notified by the police department and that he then checked the serial number of the pistol which the police were inquiring about and found it on the Company books. He established the value as $48.97 or $49.00. The witness stated that he then went to the Prichard Police Department and identified the appellant and the other man as being the men who were looking at the guns in the Bellas Hess Store on the date in question.

The State's next witness was Mr. Charles Davis who testified that he worked at the same store and that on the date in question he saw appellant standing at the gun counter looking at pistols and that he was accompanied by another man.

Officer Francis Sealy of the Prichard Police Department testified that he and another officer were riding in his patrol car when they saw a Volkswagen come speeding out of the Eight Mile Shopping Center and that they followed the car and arrested its driver, John Dickerson, for speeding. He stated that while he was placing the driver under arrest, he noticed a bottle of paregoric lying on the front floor opposite the driver's side; that he recognized the passenger in the car as being appellant, who was known to him as a drug addict; that he ordered the two men out of the car and searched the automobile and found in the glove compartment an automatic pistol, two hypodermic needles and three or four pills. The officer stated that they also noticed two screw drivers and a crowbar lying on the front seat of the automobile and that appellant acknowledged ownership of the pistol and told him that he had gotten it from a negro man. On voir dire, Officer Sealy said that he did not have a search warrant at the time of the arrest.

After voir dire, direct examination by the State was conducted during which Officer Sealy testified that a pistol, marked State's Exhibit No. 1, which was presented to him was the same pistol which he had taken from the automobile in which appellant was a passenger on the date in question. State's Exhibits Nos. 2 and 3, two large screwdrivers and a crowbar were also identified by the witness as the same ones found in the automobile and he testified that these tools were commonly used in burglaries.

On cross-examination, Officer Sealy testified that he charged both men with possessing the same pistol; that he did not know whether the pills found in the automobile were narcotic or not and he was questioned about having been under suspension in the Police Department for purposes of investigation. Sealy testified that he did not know the nature of the investigation. The district attorney objected to this line of questioning about the witness's suspension and the court sustained the objection. Counsel for appellant excepted.

The next witness for the State was Mr. H. G. Harris, an employee of the same firm in the sporting goods department, who tes-

tified that he kept the records of each firearm that comes into the store. He testified that the individual who makes the sale of a pistol makes the entry on the records showing the time of such sale. He stated that he did not make the entry on the particular pistol on his records indicating when this pistol came into the store. The witness testified that he checked his records to see whether the pistol found in the automobile was kept in stock; that the records gave no indication that the pistol was sold; that the pistol was not then in stock; and that the pistol, marked Exhibit No. 1, was the property of his store and bears the same serial number as the empty container in his possession. On cross-examination, the witness testified that he did not know whether or not the pistol in question was in stock between June 14, 1965 and July 5, 1965.

Detective Andrew G. Hillery of the Prichard Police Department testified that he knew appellant and that he was present in the courtroom on July 5, 1965 when appellant was brought into the police station by Officers Sealy and Simmons. He stated that the officers brought with them a pistol; a bottle of paregoric and two needles; two screw drivers and a small crowbar. The witness stated that appellant said to him that the pistol belonged to Mr. Dickerson (appellant's companion and owner of the automobile in which they were riding when apprehended).

Detective Hillery was recalled and testified that he had known Officer Sealy for about six years; that his reputation as a police officer was excellent as was his reputation for truth and veracity; that he knew that Officer Sealy was suspended for thirty days for investigation of charges placed against him by appellant; and that Officer Sealy was exonerated of these charges.

Next, Officer Burton L. Simmons of the Prichard Police Department testified that he was with Officer Sealy at the time of the arrest of appellant and his companion; that at this time he saw a bottle of paregoric; that he got the two men out of the

car and that he and Officer Sealy searched the car and found a pistol in the glove compartment; and that on the way to the police station appellant stated to him that the pistol belonged to him and that he had purchased it from a negro man for $10.00.

On cross-examination, Officer Simmons testified that he did not remember testifying at the preliminary hearing in Prichard that Mr. Dickerson claimed ownership of the pistol but that he did definitely remember that appellant claimed ownership of the pistol and that he was not mistaken about this. He stated that the driver did not remain in the automobile when Officer Sealy questioned him during the arrest but got out of the car, and that he charged both men with carrying a pistol without a permit because the pistol was in the car with them.

On redirect examination Officer Simmons testified that he made notes on the date of the arrest which reflected that appellant claimed ownership of the pistol. On recross-examination Simmons testified that he had heard Detective Hillery testify that Mr. Dickerson claimed the ownership of the pistol.

This concluded the State's evidence and counsel for appellant moved to exclude the evidence because the case was built on evidence which was obtained through an illegal search and seizure without a warrant. This motion was denied and appellant excepted.

Appellant's first witness was Mr. Ed Coleman who testified that he was a prisoner in the County Jail charged with two counts of burglary and that he was given preliminary hearing in Prichard city court on the same day as appellant. Coleman stated that he heard the charges against appellant and that he remembered Officer Simmons testify that Mr. Dickerson claimed ownership of the pistol.

Appellant's second witness was Mr. James Edward Lyle who testified that he too was a prisoner living at that time in the county jail and charged with two counts of burglary. Lyle stated that he was present at ap-

pellant's preliminary hearing and remembered Officer Simmons testifying that appellant claimed ownership of the pistol.

Next, appellant testified in his own behalf. He stated that he had served time in the penitentiary and had a police record; that he met John Dickerson at Bienville Square in Mobile on July 5 at 3:30 P. M. and asked him to drive him to the Eight Mile Drugstore to get a bottle of paregoric; and that he was not aware of anything in the glove compartment of the automobile. He stated that he and his companion drove out and bought two ounces of paregoric, which at that time could be purchased without a prescription, and that he was not in the Bellas Hess Department Store on that afternoon. He further testified that the paregoric belonged to him but that the pistol and tools did not; that Officer Sealy arrested them as they were returning from the drug store and threatened to shoot him; that when he stepped out of the automobile, Officer Sealy told Officer Simmons to kill him if he moved; and that Officer Sealy was bitter toward him as a result of his (appellant's) charges against him which had resulted in his suspension from the police force.

On cross-examination by the State, appellant testified that he did not go to Bellas Hess on July 5, 1965 and that he knew nothing about Dickerson's past. Appellant also testified without objection that he was given five years for motor vehicle theft in 1943 and was convicted in 1947 for the same offense; that in 1948 he was convicted of grand larceny and in 1951 for "stealing"; in 1952 for vagrancy and given a term of three months; in 1953 he was convicted of forgery and given a term of thirty months; and in 1956 he was convicted of forgery of narcotics prescriptions and given a term of two years; that in 1958 he was convicted of burglary and grand larceny and given a term of two years; that in 1959 he was convicted of unlawful possession of narcotics and burglary and given a term of five years; and that in 1963 he was convicted of burglary and given a term of two years. Appellant testified that he pled guilty to each of the foregoing charges.

Appellant contends that this cause should be reversed because the State built its case on evidence acquired by an illegal search and seizure in that the arresting officers did not have a search warrant at the time they stopped the car for speeding and, therefore, the search was illegal.

The record shows that appellant was not arrested for speeding but was merely a passenger in the automobile in question. Appellant stated the following on direct examination:

"Q. And how did you happen to be with Mr. Dickerson?

"A. He was coming through the square and I asked him how about riding me to the Eight Mile Drugstore to get a bottle of paregoric. The bottle that was found in the car.

"Q. In other words you were just asking for a ride. Is that correct?

"A. Yes sir."

On cross-examination appellant made the following statement:

"Q. When you all were arrested out there on Highway 45 in Eight Mile you were a passenger in an automobile. Is that right?

"A. Right."

■ The case of Ramsey v. City of Huntsville, 42 Ala.App. 603, 172 So.2d 812, states in part as follows:

"But it is well settled that, 'When a person disclaims interest in the premises or possessions searched, or in the articles seized, he cannot question the legality of the search and seizure.' 79 C.J.S., Searches and Seizures § 60, p. 816. See also 49 Am.Jur., Searches & Seizures, Sec. 11, p. 508; Mixon v. State, (Fla.), 54 So.2d 190."

The case of Sanders v. State, 278 Ala. 453, 179 So.2d 35, states the following:

"Testimony concerning the fruits of the robbery and the items themselves, taken by police officers from the Top Hat Cafe and from the home of the Braxton woman, were properly admitted in evidence, in our opinion, absent a search warrant, since Sanders did not have possession of or a proprietary interest in the stolen property. United States v. Pete, D.C., 111 F.Supp. 292; United States v. Friedman, D.C., 166 F.Supp. 786; State v. Pokini, 45 Haw. 295, 367 P.2d 499."

■ Therefore appellant, as a mere passenger in Dickerson's automobile, had no possessory or proprietary interest in it, and could not object to its search.

■ Appellant also contends that it was reversible error for the court to allow the arresting officers to testify to his inculpatory and inconsistent statements as to the ownership of the pistol without first ascertaining the voluntariness of such statements.

We observe that, in each and every instance, these statements were admitted without objection from appellant.

Appellant further contends that it was error for the court, in its examination of the jury panel, to refuse to question a panel member as to whether or not he would be prejudiced as a juror.

The record reveals the following testimony regarding the questioning of the juror in question:

"MR. McDONALD: I would like you to ask juryman No. 33 if his work is in the nature of police work as a Customs Inspector.

"THE COURT: Mr. George M. Miller, I notice you are listed as a Customs Inspector for the U. S. Customs. Do you in your work engage in any type of police enforcement work?

"MR. MILLER: Yes sir.

"MR. BRUTKIEWICZ: That's not a challenge for cause Judge.

"MR. McDONALD: I think that anyone who works in police work would be prejudiced.

"THE COURT: I don't necessarily think so. Mr. Miller would your duties as such in any way prejudice you for or against the Defendant in this case?

"MR. MILLER: No sir.

"THE COURT: Would it in any way influence you in your decision of the case? That is beyond, over and beyond the evidence and testimony?

"MR. MILLER: No sir."

We feel that the record reveals that appellant's request for qualification of this juryman was adequately covered by the above questions propounded by the trial judge to the juror.

Appellant's final contention is that it was error not to grant a mistrial when a police officer in testifying for the State made the statement that the accused had only been out of the penitentiary for two weeks.

An examination of the record reveals that the testimony was as follows regarding the above:

"Q. Do you know of your own knowledge how long George Moore had recently been in the City of Prichard immediately preceding your arrest of him?

"MR. McDONALD: I object. Irrelevant and it calls for a prejudicial answer.

"THE COURT: Overruled.

"MR. McDONALD: We except.

"A. George Moore stated to me that he had been out of prison almost a week.

"MR. McDONALD: I object and move for a mistrial.

"THE COURT: I'll sustain your objection and instruct the jury not to consider the answer in considering the testimony in the case.

"MR. McDONALD: I move for a mistrial on the basis of that answer.

"THE COURT: I deny your motion for a mistrial.

"MR. McDONALD: We except."

We feel that any prejudicial effects of testimony may often be cured by the trial judge's instructions to the jury and that, in this case, the proper instruction was given as shown above. The record reveals that the appellant himself testified, without objection, to having been in jail. Crump v. State, 43 Ala.App. 136, 181 So.2d 620; Hill v. State, 194 Ala. 11, 69 So. 941; Wilcutt v. State, 41 Ala.App. 25, 123 So.2d 193.

For all of the foregoing reasons we feel that the judgment in this cause must be and the same is hereby

Affirmed.