318 So.2d 325

**Janice STINSON**

v.

**STATE.**

**6 Div. 744.**

Court of Criminal Appeals of Alabama.

June 17, 1975.

Rehearing Denied July 29, 1975.

J. Louis Wilkinson and Charles M. Purvis, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Quentin Q. Brown, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Robbery; sentence: ten years.

The manager of the Western Supermarket in Hoover had been counting his money in his office when a man wearing a green jacket with a hood on it and a mask pulled over his head, snatched open the door to his office, stuck a gun in his ribs, and demanded the money. The manager put the money into a black leather bag which the robber was holding, and the robber then backed out of the store, ran across the sidewalk to his car, drove south and made a right turn.

Witness Gary Wyatt stated that on December 29, 1972, he noticed a car being driven somewhat out of the ordinary.

This car, a maroon Pontiac, proceeded down the highway to the parking lot of the Western Supermarket. Wyatt kept the car under observation as it parked at the outer edge of the lot. He then went into the store, made a purchase and returned to his car and noticed that the Pontiac had moved closer to the Supermarket. Just before the car was about to move again, Wyatt used his mobile telephone to call the Hoover Police Department, informing them of the situation. He then observed the car move to the front of the Supermarket, saw the robber go into the manager's office, saw all the cashiers and customers stand erect and saw him leave with a "doubled-up bag of some type."

The witness followed the car and by his mobile telephone kept the Hoover police constantly informed of its whereabouts. Wyatt stated further that once while he was following the Pontiac, it stopped and the driver got out and proceeded back toward him. He backed up, and the robber went back to his car and continued. Wyatt still continued in pursuit and watched the car turn down an alley behind the Alabama Mills Store. He pulled partly into the alley and observed the Pontiac park behind another car. The robber then got out of the rear car and got into the right-hand passenger side of the front car.

Wyatt stated that as the car pulled off, he noticed that it was another Pontiac of a "goldish-brown" color. As the car sped out of the alley, it turned onto Southland Drive and stopped at a traffic light two cars back from the light. Wyatt, still following the robber, was able to ascertain that the person driving the car was a woman and the person riding in the passenger side was the person who had robbed the Supermarket.

Sergeant Donald P. Ray of the Hoover Police Department, in response to a call from the police radio operator with whom Wyatt had been in constant contact, pulled up in front of the three cars waiting at the light. The dispatcher told him that the robbery suspect's vehicle was the third from the traffic light heading east. Sergeant Ray then had the drivers of the three cars turn off their ignitions. He told the occupant sitting on the right-hand passenger side of the third car to step out. The occupant stepped out, and the Sergeant stated further that the occupant was a man and that the person driving the car was Janice Stinson, the wife of the passenger. Sergeant Ray then stated that he saw a black bag sitting on the floorboard of the car with United States currency hanging or sticking out. He also noticed a green jacket with a hood in the car. Sergeant Ray stated that he was able to see both the bag and the jacket under the passenger's legs and that no portion of the bag was under the front seat of the car. The Sergeant, after turning the appellant's husband over to another officer, retrieved the bag and the green jacket and placed appellant's husband under arrest and told the appellant that she was also under arrest.

On January 12, 1973, Janice Stinson was indicted for robbery. She went to trial on January 29, 1974, and the next day a jury found her guilty and fixed her punishment at ten years in the penitentiary.

I

The record reveals that after the State had presented its case, the appellant's attorney asked for a "directed verdict of acquittal," stating that the State had failed to prove a prima facie case. The court overruled such motion, which the appellant contends is error.

Appellant's attorney stated that according to the testimony, the appellant was a mile away from the scene and that there was no testimony that she entered the store in question. The trial judge then asked, "Are you saying that there's no evidence that she was an accessory before the fact?" The appellant's attorney answered, "In our opinion." To this, the prosecutor stated that, " . . . there is suff-

**632**

cient evidence on the question of conspiracy to go before this jury. Because of the dark alley and speeding off, and a man gets into her car with a bag with money sticking out of it."

Title 14, § 14, Code of Alabama 1940, provides that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid or abet in its commission, though not present, are to be indicted, tried and punished as principals.

In *Stokley v. State,* 254 Ala. 534, 49 So. 2d 284 (1950), Justice Lawson stated:

"It is well established that when, by pre-arrangement or on the spur of the moment, two or more persons enter upon a common enterprise or adventure and a criminal offense is contemplated, then each is a conspirator, and if the purpose is carried out, each is guilty of the offense committed, whether he did any overt act or not. This rests on the principle that one who is present, encouraging, aiding, abetting, or assisting, or who is ready to aid, abet, or assist the other in the perpetration or commission of the offense, is a guilty participant, and in the eye of the law is equally guilty with the one who does the act. Such community of purpose or conspiracy need not be proved by positive testimony. It rarely is so proved. The jury is to determine whether it exists, and the extent of it, from the conduct of the parties and all the testimony in the case. *Morris v. State,* 146 Ala. 66, 41 So. 274, and cases cited; *Jones v. State,* 174 Ala. 53, 57 So. 31; *Teague v. State,* 245 Ala. 339, 16 So.2d 877."

Also, Judge Cates in the case of *Brown v. State,* 39 Ala.App. 149, 96 So.2d 197 (1957), wrote:

" . . . We have come to the conclusion that the question as to whether or not the defendant, certainly as the chauffeur for his associates, was thereby an aider or abetter—a derivative principal under the statute (Code 1940, Title 14, § 14)—was for the jury. *Davis v. State,* 36 Ala.App. 573, 62 So.2d 224."

This Court has held that the participation in a crime in the community of purpose of the perpetrators need not be proved by direct or positive testimony, but may be inferred from circumstantial evidence. *Parsons v. State,* 33 Ala.App. 309, 33 So.2d 164 (1947), and cases cited therein.

## II

■ Counsel for appellant objected to the following question put to the appellant on cross examination concerning her husband:

"You knew that he was a robber and a burglar didn't you?"

After the question was asked, appellant's attorney objected but the appellant answered in the negative before the trial judge was able to sustain the objection. The trial judge thereafter immediately sustained the objection and instructed the jury not to consider the statement as evidence. Appellant moved for a mistrial which was overruled.

The question was improper, but resulted in no injury to the appellant as she answered it in the negative. The appellant by so answering was not prejudiced, and the motion for a mistrial was properly overruled. The appellant's answer in the negative removed the possibility of injury. *Anderson v. State,* 44 Ala.App. 388, 210 So.2d 436 (1968). Furthermore, the trial judge instructed the jury as to what evidence they were to consider and that statements of attorneys on either side were not evidence in the case. See *Crump v. State,* 43 Ala.App. 136, 181 So.2d 620 (1965).

## III

■ Appellant's attorney objected to evidence obtained by Sergeant Ray in making

the search of the car, claiming a lack of probable cause. We are of the opinion that the evidence was ample to establish probable cause to search the appellant's automobile. Sergeant Ray was in pursuit of a car which the dispatcher had told him over the radio was stopped three cars back from the traffic light. Also the robbery had just taken place at the Western Supermarket, and the law enforcement officers were looking for a car which met the description which had been called in by the eye witness, Gary Wyatt. The report of the robbery, Mr. Wyatt's pursuit, coupled with his constant contact by mobile telephone with the Police Department, the report of the dispatcher, and the fact that the robbery had just taken place, gave Sergeant Ray the probable cause needed to search the vehicle driven by the appellant. *Daniels v. State,* 290 Ala. 316, 276 So.2d 441 (1973); also see, *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790 (1925).

■ The ruling of the trial court could likewise be sustained under the "plain view" doctrine. The testimony of Sergeant Ray was that the bag with money sticking out of it and the green jacket were in plain view. Sergeant Ray testified that he observed a black bag sitting on the floorboard of the right-hand side of the car, and there was money, United States currency, sticking out of the bag. Therefore, the trial court was not in error in allowing the evidence to be presented. It is a well-settled principle that articles inside of a car in plain view are subject to seizure. *Rutherford v. State,* 48 Ala.App. 289, 264 So.2d 210 (1972); *United States v. Davis,* 423 F.2d 974, cert. denied 400 U.S. 836, 91 S.Ct. 74, 27 L.Ed.2d 69 (1970); *Powers v. State,* 49 Ala.App. 690, 275 So. 2d 369 (1973).

## IV

■ The trial court was not in error in refusing the appellant's written requested charges 3 through 12, 16, 17, 19, 20 and 22 through 24 since each was substantially and adequately covered by given charge 18 or by the court's oral charge, to which her counsel had announced "satisfied."

■ Charges 1 and 2 were properly refused as being erroneous statements of law and misleading in that they would predicate guilt only upon the actual presence of the appellant at the scene of the robbery and exclude the possibility of guilt as an accessory pursuant to Title 14, § 14, Code of Alabama 1940.

■ Charge 13 was properly refused as such is argumentative. A similar charge was held to be properly refused in *Parsons v. State,* 251 Ala. 467, 38 So.2d 209 (1948). Likewise, charge 14 is misleading and incomplete. It has no meaning unless read in conjunction with charge 13 and would be greatly confusing to a jury.

■ Charge 15 was properly refused as it contains a grammatical error and is not predicated upon the evidence in that it relates to the weight to be given testimony of general reputation for truth and veracity when no such testimony was introduced nor character witnesses called during the trial. Charge 21 was properly refused on the same ground as it dealt with character witnesses.

Charges 7, 25 and 26 were properly refused on authority of *Pratt v. State,* 27 Ala.App. 301, 171 So. 393 (1936) and *McDowell v. State,* 238 Ala. 101, 189 So. 183 (1939). In addition, the trial court's oral charge concerning presumption of innocence and circumstantial evidence adequately covered the subject which the appellant wanted brought to the attention of the jury.

We have searched the record for error prejudicial to the appellant and find none.

Affirmed.

TYSON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., not sitting.