LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant does not contend that the evidence was insufficient to support the verdict of the jury that he was guilty of murder in the first degree. Our review of the record convinces us that no reasonable contention to that effect can be made. There was abundant evidence that defendant and two others met deceased and three others while all of them were carousing in one of the night spots in downtown Birmingham and moved with them from one drinking place to another until they arrived at still another in the fourteen hundred block between Fifth and Sixth Avenues North at about two A.M. One of the group of four there left the others and went home. At the rear of the place of business the group that included defendant robbed the other group, after defendant had told the other group, including the deceased, to put up their hands and fatally shot the deceased with a pistol. Thereafter the three robbers fled from the scene.
While the panel of jurors from which the jury was to be selected to try the case were being seated in the court room, defendant’s counsel made known to the court that he desired to present a matter out of the hearing of the jury. All jurors were then sent out of the court room and the following occurred:
“MR. HERRIN: I move to quash this venire on the grounds that the defendant was handcuffed at the time the jury came in. Based on that I don’t think he could get a fair trial from this jury.
“THE COURT: Well, I think the jury just came in just for a second and his hands were under the table and I don’t believe anybody saw it. They were only in for just a moment, and you may ask anybody about it, but I will overrule it. “MR. HERRIN: I except.”
Thereafter, during the process of interrogating the jurors, defendant asked them if any of them saw defendant with handcuffs on when they first came into the court room. Three answered that they did. Thereupon, the court stated:
“THE COURT: There is absolutely no presumption against this man because of that ladies and gentlemen. If that affects anybody's judgment at all please let me know now.”
There was no response from any other jurors and nothing further was said about the matter during the trial.
Speaking to a similar situation in Moffett v. State, 291 Ala. 382, 281 So.2d 630, cert. denied 414 U.S. 1161, 94 S.Ct. 924, 39 L.Ed.2d 114, the court said:
“We are not persuaded that there is reversible error because the defendant was brought into the courtroom handcuffed to a deputy sheriff. The handcuffs were immediately removed from him after he was brought into the courtroom during the trial. Edwards v. State, 279 Ala. 371, 185 So.2d 393 (1966). A sheriff who is charged with the responsibility of safely keeping an accused has the right in his discretion to handcuff him when he is bringing him to and from the courtroom, when the handcuffs are removed immediately after he is taken into the courtroom. Smith v. State, 247 Ala. 354, 24 So.2d 546 (1946); Faire v. State, 58 Ala. 74 (1877). The record shows that defendant was in jail at the time of his trial.”
In every material way the facts are the same in this case as in Moffett. The action of the trial court was not erroneous.
During the course of the reading of a lengthy statement made by defendant after his arrest and after all constitutional requirements for the admission of incriminating statements had been established, there was included the following:
“I asked him if he had recently gotten out of the penitentiary and he said he had *454 been out about a month or so. I asked him what he did time for and he said stealing in Florence, Alabama. I asked him did he go down for burglary and grand larceny and he said I think it was burglary and grand larceny, it was burglary I know.”
Immediately thereafter, the court said:
“Let’s not go into that. That, ladies and gentlemen, that he has just read has nothing to do with this case and I ask you not to consider it.”
Appellant now complains that the bringing of such information to the attention of the jury constituted a violation of the general rule that evidence of other crimes is not admissible. However, there was no objection to the particular evidence, although there was an objection to the statement as a whole, which evidently was in written form and observable by both parties and attorneys prior to the partly paraphrased reading therefrom as noted above. Defendant made no motion to exclude the portion of the statement now found to be objectionable. In the absence thereof no action of the trial court is presented for review. Woods v. State, 54 Ala.App. 591, 310 So.2d 891. Furthermore, without being asked to do so, the court excluded the objectionable material from the consideration of the jury, which apparently satisfied defendant, as no further action on the subject was invoked. It should be noted also that the particular questions were prompted by what defendant had told the witness as to his acquaintance with one of the other robbers, saying that he had known him “about ten years, he had been on and off in the penitentiary, not in the penitentiary but in the jail house.”
The pistol that, according to substantial evidence, defendant used in the robbery and in killing his victim was admitted in evidence over the objection of defendant, which action of the court appellant now urges as prejudicial error. The pistol was found near the back seat of a police car, in which defendant and his brother had been placed and brought to the police department, the night following the commission of the crime. He and his brother had been taken from the car at the time the pistol was found on the floorboard next to or underneath the overhang of the seat upon which defendant had been sitting in the automobile. Any claim to an illegal search of the vehicle or an illegal seizure of the pistol as property of defendant would have to be based upon the conclusion that he abandoned the pistol in the automobile. He lacked standing to object to the search of the police car in that he lacked a posses-sory or proprietary interest in it. Moore v. State, 44 Ala.App. 113, 203 So.2d 460. Lack of standing continued as to any objection to the seizure of the pistol that he had obviously abandoned in the automobile of the arresting officers. Hodges v. State, 48 Ala. App. 217, 263 So.2d 518.
We have considered all questions raised by appellant and have searched the record for error prejudicial to defendant. There being none, the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.