On January 12, 1989, Larry Dale Kolonusz was indicted on two counts of robbery in the first degree, in violation of §13A-8-41, Code of Alabama 1975. On March 1, 1989, the indictment was nol-prossed and amended, by agreement of the parties and with consent of the trial court, to two counts of robbery in the second degree, in violation of § 13A-8-42, Code of Alabama 1975. At the same time, the appellant waived his right to a trial by jury. Thereafter, upon hearing the evidence as presented by both sides, the trial court *Page 1076 
found the appellant "guilty of each count of the indictment," as amended. (R. 40.) The trial judge then sentenced the appellant to life imprisonment in the State penitentiary on both counts, basing the sentence on four prior felony convictions of the appellant. Ala. Code § 13A-5-9(c) (1975). The appellant was further ordered to pay $25.00 in restitution to the Crime Victim's Compensation Fund.
During the early morning hours of September 23, 1986, one convenience store in Dale County, Alabama, and one in Houston County, Alabama, were robbed at gunpoint. While on routine patrol at about 3:40 to 4:00 a.m. on September 23, Deputy Gary Lindsey of the Houston County Sheriff's Department approached the Junior Food Store (which is located on Fortner Street in Dothan, Houston County) from the rear. Across the street from the store, Lindsey observed an automobile, with its headlights off, exiting the parking lot of a veterinary clinic. As the car approached Lindsey, it turned its headlights on.
Lindsey broadcasted over his radio the "suspicious circumstances" (R. 134) and advised units in the area to "be on the lookout" (BOLO) for a small brown car. This was the automobile he saw leaving from across the street. Moments later, Lindsey learned that the store had been robbed and he notified the police dispatcher accordingly.
Sergeant Lewis Miller, an investigator with the Dothan Police Department, arrived at the store at approximately 4:00 a.m. The store clerk, Julia Crowder, stated that one of the two robbers pointed a rifle at her. The two took money from the cash register and forced the clerk to remove more money from the office area.
During this time, an automobile matching the description in the BOLO was stopped in north Dothan. The automobile was driven by this appellant. He was returned to the store, but the clerk could not identify him.
Prior to the robbery in Houston County on September 23, another store was robbed in Midland City, which is located in Dale County, Alabama. This store was also a Junior Food Store. Following the robbery, a BOLO was put out for a light or tan colored small car, possibly a Datsun or Toyota. The tag number, as spotted by the store clerk, Robert Minor, was also given in the BOLO as 38CD-028.
Investigator Butch Jones of the Dale County Sheriff's Department heard by radio that the Dothan Police Department had stopped a vehicle fitting that description. Investigator Jones went to this location in Dothan. Upon viewing the suspect and the vehicle, Jones had Minor transported to the scene in Dothan. Minor, upon seeing the appellant, stated that the driver of the automobile, the appellant, had been in his store about an hour before the robbery. He also identified the car as the one he had seen earlier and as the one he described to the police.
Jones, while in Dothan, questioned the clerk at the Dothan Junior Food Store. At that time, he discovered that the modus operandi was the same for both robberies (i.e., the clerk was robbed by two white males, one of whom held a rifle on the clerk during the robbery).
A few days before, another robbery occurred in Midland City at the Suwanee Swifty Food Store. The clerk on duty at the time was Sudie Johnson. Ms. Johnson was unable to identify either the appellant or his automobile. She did, however, give a description of a vehicle that passed the store at a high rate of speed. She described the car as a light-colored Toyota. The appeal now before this court arises from conviction of the appellant for the two robberies in Midland City, Alabama.
 I
The appellant contends that he was illegally and unconstitutionally stopped and detained. He further avers that the evidence recovered from his automobile and his subsequent inculpatory statement were "fruits of the poisonous tree."
The focus of appellant's argument turns on the interpretation of language in § 15-10-3, Code of Alabama 1975. This Code section describes when a law enforcement *Page 1077 
officer may arrest without a warrant. This section states, in pertinent part, as follows:
 "An officer may arrest any person without a warrant . . .:
". . . .
 "(2) When a felony has been committed, though not in his presence, by the person arrested; [or]
 "(3) When a felony has been committed and he has reasonable cause to believe that the person arrested committed it. . . ." (Emphasis added.)
Thus, this court must decide whether there was probable or reasonable cause to stop and detain the appellant on September 23, 1988.
The appellant contends that the officer who actually stopped the appellant would not have had probable cause "but for" the probable cause possessed by either officer who dispatched the separate BOLOs. Further, he contends that, since the dispatching officers lacked probable cause, any possible probable cause could not be imputed to the officer who stopped and detained the appellant.
There were two BOLOs, describing a similar automobile, put out by two different officers. One was put out by Deputy Lindsey of the Houston County Sheriff's Department. He described the automobile as small and brown. His suspicion regarding this automobile arose after he observed the car leaving the parking lot across the street from the Dothan Junior Food Store with the headlights off. He observed this occurrence at about the same time as the robbery occurred.
The other BOLO was put out by a Midland City police officer moments after the robbery of the Midland City Junior Food Store. The automobile, as described by the store clerk, was a light or tan colored small car, believed to be a Datsun or Toyota. A tag number was also given as 38CD-028.
At approximately 4:00 a.m., on September 23, 1988, Officer Tony Luker of the Dothan Police Department, in response to the two BOLOs, stopped an automobile matching these descriptions. The automobile was a medium golden colored Datsun with the tag number 38AA-280. One of the BOLOs also described the occupants of the automobile as being white males with blonde hair and tattoos on their arms.
After the suspect vehicle was stopped, the appellant exited the automobile. Officer Luker noticed that the appellant had blonde hair and tattoos on his arms. Officer Luker looked in the vehicle and spotted some money (ones and fives) sticking out from underneath an Auburn tag. The appellant was then patted down, handcuffed and transported back to the Junior Food Store in Dothan.
Officer Bruce Hudson, Dothan Police Department, impounded the automobile at this time. It was inventoried and $50 (six five dollar bills and twenty one dollar bills) were removed from under the Auburn tag in the back seat. (R. 242-43) A box of .22 long rifle shells was also found in the automobile.
To resolve the appellant's contentions, we must first decide if the stop and subsequent detention were proper.
In light of § 15-10-3, Code of Alabama 1975, the stop of the appellant's automobile without a warrant was proper only if Officer Luker possessed "probable cause" or reasonable suspicion. It cannot be seriously questioned that Officer Luker had probable cause to stop the appellant's automobile based on the information provided in two BOLOs and the similarities of the automobile and the appellant to the information provided.
The question then is whether the two officers at the scenes of the two robberies on September 23, 1986, would have had sufficient probable cause or reasonable suspicion individually to stop and detain this appellant.
Officer Luker's probable cause was based on the information provided by fellow officers. This fact alone is not fatal. "The knowledge of all the officers involved in a police situation may be evaluated collectively in assessing whether that knowledge constituted probable cause as is constitutionally required. Robinson v. State, *Page 1078 361 So.2d 379 (Ala.Cr.App.), cert. denied, 361 So.2d 383 (Ala. 1978), and cases cited therein." Shute v. State, 469 So.2d 670,673 (Ala.Cr.App. 1984). (Emphasis added.)
Further, a radio dispatch alone does not supply probable cause in every case. Instead, the determination is made based on "the detail of the information given, the credibility of the source, and other pertinent circumstances." Shute, 469 So.2d at 673. See also Brinks v. State, 500 So.2d 1311, 1312-14
(Ala.Cr.App. 1986) (inability of witnesses to identify the defendant is not fatal where the automobile driven by defendant and his close proximity to the crime scene, followed by his confession, were sufficient to support a conviction).
In the case sub judice, similar descriptions of the automobiles were given in both BOLOs. In one BOLO, there was given a tag number very similar to the one on the appellant's automobile, and, in that same BOLO, a fairly accurate description of the occupants was given. The information compiled by the officers on the scene of both robberies can be "imputed" to the officer who actually makes the stop and arrest, Shute, 469 So.2d 673, and, viewing the "totality of the circumstances," Illinois v. Gates, 462 U.S. 213,103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the stop and detention by Officer Luker were based on adequate probable cause. See Molina v.State, 533 So.2d 701, 704-05 (Ala.Cr.App. 1988).[1]
Additionally, we hold that either of the two officers who initiated the chain of communication (the BOLOs), Deputy Lindsey, and the Midland City police officer, would have had reasonable suspicion to stop the appellant's automobile.See Knight v. State, 346 So.2d 478, 482 (Ala.Cr.App. 1977). Deputy Lindsey personally observed the automobile when it pulled off from the parking lot across from the Dothan Junior Food Store with its headlights off. The Midland City police officer was given a good description of the suspect vehicle — a small, light tan Toyota or Datsun with a "very similar" tag number as appellant's automobile. Their individual knowledge and probable cause, coupled with the "other pertinent circumstances," could be "imputed" to Officer Luker. Knight, 346 So.2d at 482.
The appellant also contested the admissibility into evidence of the money and the box of rifle ammunition recovered from his automobile and the admission of his statement to police. He does not, however, contest the method by which this evidence was obtained, only that it was the "fruit of the poisonous tree," since his stop and later arrest were alleged to be unconstitutional.
Our determination that the appellant's stop and arrest were lawful thus renders admissibility of this evidence proper and lawful on the challenged grounds.
For the reasons stated above, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] The stop by Officer Luker would have also been a proper Terry
stop, and the "open view" of the money would have created the necessary probable cause. It is not necessary for us to further discuss these matters, however, since probable cause existed to stop, detain, and arrest for the reasons stated in this opinion.