TYSON, Judge.
Larry Dale Kolonusz was charged by indictment with robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. The petit jury found the appellant “guilty as charged in the indictment,” and the trial judge sentenced him to life imprisonment as a habitual felony offender.
This appellant, along with two other men, Bo Burnsed and Carl Todhunter, committed two robberies within a short period of time. The first robbery occurred on September 23, 1988, in Midland City, Dale county, Alabama. The second robbery occurred in Dothan, Houston County, Alabama.
This appellant was tried and convicted for the robbery in Dale County. This court affirmed that conviction. Kolonusz v. State, 552 So.2d 1075 (Ala.Cr.App.1989). (Hereinafter referred to as Kolonusz I.)
The appellant was also convicted of the Houston County robbery and now appeals from that conviction.
I
The appellant first contends that his stop, detention, and subsequent arrest were illegal, and, thus, that all evidence seized as a result thereof should have been suppressed at trial.
The facts surrounding the Dale County robbery and those surrounding the Houston County robbery are interrelated and are set out in full in Kolonusz I. In that opinion, we held that the appellant’s stop, detention, and arrest were all proper. Kolonusz I, 552 So.2d at 1076-78. The facts surrounding the stop are also set out in Kolonusz I.
A short time after the robbery in Houston County, Officer Tony Luker of the Do-than Police Department stopped the appellant in his automobile. Officer Luker, by pointing his flashlight into the automobile, spotted some money sticking out from underneath a license plate in the back seat. The appellant was handcuffed and taken back to the Dothan Junior Food Store. The money was thereafter seized by the officer.
The seizure of the money was not illegal. After a proper stop, Officer Luker spotted the money in “plain view.” Likewise, its admission at trial was not error. Fowler v. State, 453 So.2d 1089, 1091 (Ala.Cr.App.), cert. denied (Ala.1984) (3-part test); Myers v. State, 431 So.2d 1342, 1344 (Ala.Cr.App. 1982), writ quashed, 431 So.2d 1346 (Ala. 1983); Franklin v. State, 357 So.2d 364, 366 (Ala.Cr.App.), cert. denied, 357 So.2d 368 (Ala.1978); Stinson v. State, 55 Ala. App. 629, 318 So.2d 325, 328, cert. denied, 294 Ala. 772, 318 So.2d 329 (1975).
The appellant also contends that the statements he gave to Sergeant Lewis Miller with the Dothan Police Department should have been suppressed. We disagree. The record reveals that the appellant was read his Miranda rights before each statement and that he duly waived them. Those statements were given freely and voluntarily, without threats or induce *844 ments, and were not erroneously admitted into evidence at trial. See Cox v. State, 489 So.2d 612, 616 (Ala.Cr.App.1985), cert. quashed (Ala.1986); Moore v. State, 469 So.2d 1308, 1309 (Ala.Cr.App.), cert. denied (Ala.1985).
Therefore, the appellant’s argument that the challenged evidence should have been suppressed by the trial court must fail.
II
The appellant further contends that the trial judge committed reversible error by refusing to grant his motion for a directed verdict. The appellant argues that there was no evidence at trial that he attempted “to render aid, assistance or companionship” in the commission of the robbery in Houston County, Alabama. (Appellant’s brief at 17.)
Following the robbery in Houston County, the appellant, Burnsed, and Todhunter proceeded to the Junior Food Mart in Midland City, Dale County, Alabama. See Ko-lonusz I. The appellant parked his automobile across the street from the store. While Burnsed and Todhunter were in the store, the appellant drove off.
The appellant claims that the reason he drove off was because he was scared and did not know what the other men were doing when they went into the store. The State offered ample evidence to counter this claim. During the Dale County robbery, a Dale County deputy sheriff drove up to the store. It was at this time that the appellant abandoned Burnsed and Todhunter.
Furthermore, the appellant, in his statement to the police, confessed that he drove the automobile for Burnsed and Todhunter during numerous other robberies.
The evidence thus overwhelmingly supports the jury’s finding of guilt. It is obvious that the appellant not only knew what was happening but was an active participant in both the Houston County robbery (which is before us now) and the Dale County robbery (Kolonusz I).
The appellant argues that the facts in the present case are similar to those in Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978). While this argument has merit, the cases are distinguishable. In Thomas, the State sought to prove only that the two robbers robbed the store and then ran across the street and got into the appellant’s automobile before being stopped by the police.
The State in its proof in the cause sub judice went far beyond those facts in Thomas, as we explained above. In Thomas, 363 So.2d at 1022-23, citing numerous other cases by this court, we gave numerous examples of circumstantial evidence that would raise a “reasonable inference” that the accused was the “get-away” driver. In the cause sub judice, the appellant admitted that on all of the robberies, either Burnsed or Todhunter would take a .22 caliber rifle into the store during the robbery. Furthermore, money was found partially hidden in the appellant’s automobile.
This evidence sufficiently establishes this appellant’s guilt. His motion for a directed verdict was therefore properly denied. Stinson, 318 So.2d at 327. The jury’s finding of guilt is supported by the record.
For the reasons stated, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.